HELEN FREDENBURGH, Plaintiff, v. FRED FREDENBURGH, Defendant.

Supreme Court, Sullivan County, September, 1933.

*Harry C. Resnick,* for the plaintiff.

*Ellsworth Baker,* for the defendant.

FOSTER, J.   The above action is one for separation, in which an order has been made directing the defendant to pay alimony *pendente lite* in the sum of $12 per week, and a counsel fee of $150.   The plaintiff moves to punish the defendant for contempt for failure to pay the amounts specified.   The defendant has made a cross-motion, in which he seeks a reargument of the original motion to the end that the award as made may be canceled or modified.

On the argument of the original motion the defendant was represented by counsel but offered no opposition, except that he asked the court to fix the alimony in an amount that he could pay.   He now raises two issues in defense of the motion to punish him for contempt, and in support of his own motion for reargument:

*First,* he claims in substance that he has no income; that he cannot procure work; that his physical condition is such that he cannot perform manual labor in any event; and that the plaintiff is well able to take care of herself and their children.

*Second,* that by reason of a separation agreement existing between the parties, the action herein has no valid force or effect.

As to the defendant's claim that he is unable to work, the plaintiff has set forth with some particularity that the defendant is an habitual drinker, and that his present physical condition, whatever it may be, is a result of his dissolute habits.   I am satisfied that such is the fact.

In addition the defendant has utterly failed to give any convincing evidence that he has made reasonable and fair efforts to comply with the terms of the order.   Nor has he sustained the assertion that the plaintiff has the financial means to adequately care for herself and the children.   Doubtless she has some means, and unquestionably she has supported the children from the fruits of her own labor; but this is far from excusing the defendant from contributing to their and her support.

An examination of the separation agreement reveals that the plaintiff reserved her rights to proceed by action such as this if the defendant failed to comply with the terms of the agreement.   The defendant does not assert that he complied with such terms, and since he failed to raise such question before, I must assume that the plaintiff has brought her action within the exceptions contained in the agreement.

The whole question may be reduced to the question of whether the defendant may escape punishment by reason of his physical condition which has been caused by his own acts. The answer must necessarily be in the negative. The exercise of discretion to hold otherwise (Judiciary Law, § 770) requires some show of good faith on the part of the person seeking relief, and proof that fair and reasonable efforts have been made to comply with the terms of the order. Such proof for the defendant is lacking here.

The defendant's motion for a reargument, however, is granted, and considered to be had, and the alimony previously fixed is reduced to the sum of eight dollars per week, and the counsel fee reduced to the sum of seventy-five dollars. (*Holahan* v. *Holahan*, 234 App. Div. 572.) The plaintiff's motion to punish the defendant for contempt is granted, and the fine may be fixed upon the basis of alimony and counsel fees as thus reduced and unpaid.