ETHEL ZEITZ, Appellant, v. WALTER ZEITZ, Respondent.— Appeal by plaintiff wife from an order which adjudges the defendant in contempt for failure to pay alimony, in so far as it allows the defendant to purge himself of the fine imposed by payments at the rate of two dollars a week, reduces the alimony from forty-five

dollars to twelve dollars a week, and grants certain rights of custody of the infant child. Order modified on the law and the facts by striking out the provisions changing the alimony *pendente lite* and allowing the defendant to purge himself by paying the arrears at the rate of two dollars a week, and granting the defendant the right of limited custody, and by inserting provisions requiring the defendant, within ten days from the entry of the order hereon, to pay all the accrued arrears or stand committed. As so modified, the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to the appellant. On the motion to punish defendant for contempt the defendant was only entitled to the benefit of section 1172-a, subdivision 3, Civil Practice Act, " as a defense," by reason of the unvacated stay in the order of September 23, 1940. The defendant was not free to take " any affirmative steps in this action until seven days after the said defendant has paid to the plaintiff all arrears of alimony due  *  *  *." This outstanding stay precluded the granting of the applications of the defendant to reduce the amount of alimony and for limited custody of the child. The only relief available to him under that section, with the stay unvacated, was that on a proper showing he might be relieved from punishment. Moreover, on the reference had on the motion to punish for contempt there was no showing that there had been any change in the financial condition of the defendant from that which obtained when the same subject was inquired into on the reference had on the motion for alimony and counsel fee. Such changes as had occurred were nominal rather than real — particularly in connection with the Lefferts boulevard and Heath avenue properties. The defendant on the prior reference as well as on the later reference has been able to appear to be in an impecunious condition as a result of co-operation of relatives and the juggling of his property affairs. The separation action should be tried and the matter of alimony in connection therewith disposed of with finality. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.