■ SADIE BOSNIAK, Doing Business as RICHARD VENDING AND MUSIC COMPANY, Appellant, v. ROBERT A. McEVOY, Doing Business as TOWN AND COUNTRY VENDING SERVICE, Respondent, et al., Defendants.— In an action against defendants Alfonse Baccari and Alcari's Char-Broiled, Inc., to recover damages for breach of contract, and against Robert A. McEvoy, doing business as Town and Country Vending Service, for inducing such breach, the plaintiff, by permission of the Appellate Term, appeals from its order, entered October 23, 1959 (as modified by an order entered November 30, 1959), which reversed on the law a judgment of the City Court of the City of New York, County of Queens, in favor of plaintiff, and remitted the action to the City Court for an assessment of damages against defendant McEvoy and for the entry of judgment thereon. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ EDWARD S. DIDERO, Respondent, v. ELEANOR J. DIDERO, Appellant.— In an action for a separation, the wife appeals from an order made under section 1172-a of the Civil Practice Act, relieving the husband of the provisions of an order adjudging him in contempt for failure to comply with the provisions of the judgment of separation directing the payment of alimony and counsel fees, and modifying the judgment by reducing the alimony required to be paid from $25 to $12.50 a week. Order modified by striking out the first ordering paragraph and by substituting therefor a provision that the motion insofar as it seeks an order relieving the husband of his contempt is in all respects denied. As so modified, order affirmed, without costs. Respondent's failure to make the payments directed from the time of the entry of the final judgment in October, 1958 to the time when he was ordered to be committed to the civil jail in April, 1959, is entirely unexplained; and he has utterly failed to give any convincing evidence that he made a reasonable and fair effort to comply with the terms of the order. His conduct can only be said to have been willful, deliberate and contumacious in the extreme, to have resulted eventually in the loss of his position and to have created a situation which was self-imposed. Under the circumstances, it was an improvident exercise of discretion to relieve respondent of his contempt. (See *Fredenburgh* v. *Fredenburgh,* 149 Misc. 391; cf. *Zeitz* v. *Zeitz,* 262 App. Div. 750; *Caldwell* v. *Caldwell,* 259 App. Div. 845.) Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ JACK GLASSMAN, Respondent, v. MARY GERSTEIN, Appellant.— In an action by a purchaser to recover a deposit paid under a contract to purchase a parcel of real property, the defendant seller appeals from a judgment in favor of the purchaser, entered after trial before the court without a jury. The contract provided, *inter alia,* that the purchaser shall apply to "a lending institution" for a mortgage on stated terms, and that the contract shall be deemed cancelled in the event the purchaser is unable to obtain "such a mortgage". Following formal notification that a bank had rejected the purchaser's application, the seller offered a written commitment to accept a purchase-money mortgage upon the stated terms or, in the alternative, on terms more favorable to the purchaser. The latter rejected the offer, saying he was not interested in private financing, and commenced this action to recover his deposit. Judgment affirmed, with costs. No opinion. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.