■ FRANK SENESE et al., Appellants, v MICHAEL F. LITZ, Respondent. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered January 24, 1983 in Schenectady County, which denied plaintiffs' motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. The parties executed a "standard form" of real estate contract dated May 2, 1981 (printed by Schenectady Board of Realtors) which had been negotiated through Gallet Realty, Inc. The contract provided that defendant would purchase plaintiffs' property described as 1814-16 Campbell Avenue, Schenectady, New York, for the sum of $48,900, and contained the following clause: "7. Mortgage contingency: Purchaser and Seller agree that this contract shall only be binding on the Purchaser if the Purchaser is able to obtain a conventional mortgage loan. The mortgage loan will be in the sum of $32,000 for 20 years at the prevailing rate of interest. The Purchaser agrees to apply for the mortgage loan within four business days after the Seller has accepted this contract. Purchaser agrees to apply for such a mortgage loan to two lending institutions, if it is necessary, and to put forth all his best efforts to obtain the mortgage on or before May 29, 1981." Defendant promptly went to three banks, none of which indicated it would grant the mortgage sought. In subsequent letters confirming rejection, one bank wrote "we are not doing mortgages for investment at this time"; a second wrote it was unable to take the application because bank policy required that the mortgagor occupy the property; and a third wrote "at present the bank is not accepting mortgage applications". Special Term denied plaintiffs' motion for summary judgment in this breach of contract action and granted defendant's cross motion to dismiss the complaint, giving rise to this appeal. There should be an affirmance. Special Term correctly refused to enlarge the meaning of the printed words in the contract. The mortgage contingency clause is neither complicated nor confusing and should be read so as to give effect to its plain meaning (22 NY Jur 2d, Contracts, § 210, pp 57-58). Neither the subject clause nor any other clause provides plaintiffs, as sellers, with an option to substitute themselves as mortgagees in the event that no lending institution agreed to extend a mortgage loan. The good-faith requirement did not require acceptance of a mortgage from the sellers or an agreement that defendant agree to

live in the premises. If such intent had been agreed upon, the contract should have contained words to such effect. It is not the function of the courts to enlarge the parties' agreement. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.