■ MACHO ASSETS, INC., Respondent, v SPRING CORPORATION et al., Appellants.—In an action to recover a down payment on the purchase price of a parcel of real property, (1) the defendant Spring Corporation appeals from (a) so much of an order of the Supreme Court, Queens County (Hyman, J.), dated February 4, 1986, as granted the plaintiff's motion for summary judgment as against it, and denied its cross motion to vacate the notice of pendency filed against the property by the plaintiff, and (b) so much of a judgment of the same court, dated February 10, 1986, as is in favor of the plaintiff and against it in the principal amount of $44,000; and (2) the defendant Samuel M. Sprafkin appeals from (a) so much of the order of the same court, dated February 4, 1986, as granted the plaintiff's motion for summary judgment as against him and denied his cross motion for summary judgment dismissing the complaint as against him, and (b) so much of the judgment of the same court, dated February 10, 1986, as is in favor of the plaintiff and against him in the principal amount of $44,000.

Ordered that the appeals by the defendants Spring Corporation and Samuel M. Sprafkin from the order dated February 4, 1986 are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the plaintiff as against the defendant Samuel M. Sprafkin in the principal amount of $44,000, and adding a provision directing that the defendant Sprafkin, as escrowee, turn over to the plaintiff any

moneys held by him in escrow for the benefit of the plaintiff, within 30 days of service upon him of a copy of this decision and order, with notice of entry. As so modified, the judgment is affirmed; and it is further,

Ordered that upon review of the order dated February 4, 1986 (see, CPLR 5501 [a] [1]), the order is modified, on the law, by (1) deleting from the first paragraph thereof the provision granting the plaintiff's motion for summary judgment as against the defendant Samuel M. Sprafkin, in its entirety, and substituting therefor a provision granting the motion as against the defendant Sprafkin only to the extent that Sprafkin, as escrowee, turn over to the plaintiff any moneys held by him in escrow for the benefit of the plaintiff, within 30 days of service upon him of a copy of this decision and order, with notice of entry, (2) deleting from the second paragraph thereof the provision directing the entry of judgment in favor of the plaintiff as against the defendant Sprafkin in the principal amount of $44,000, and (3) deleting from the fourth paragraph thereof the provision denying the defendant's cross motion for summary judgment dismissing the complaint as against him, and substituting therefor a provision granting the cross motion to the extent of dismissing so much of the complaint as sought a judgment against the defendant Sprafkin for the amount of the down payment on the purchase price of the subject property. As so modified, the order is affirmed; and it is further,

Ordered that the defendant Sprafkin is awarded one bill of costs payable by the plaintiff.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff was the purchaser and the defendant Spring Corporation was the seller of a parcel of real property located in Elmhurst, Queens. The contract of sale specified that it was made on condition that "a lending institution" issue a written commitment for a conventional first mortgage loan on the premises on specified terms. If the buyer was unable to obtain a commitment, the contract was to be automatically canceled and the deposit promptly returned. The contract further provided that if the closing did not occur and either party made a written demand upon the escrowee for payment of the deposit, the escrowee would give written notice of such a

demand to the other party. The parties agreed that the escrowee would not be liable "for any act or omission on its part unless taken or suffered in bad faith, [done] in willful disregard of [the terms of the] contract or [if it involved] gross negligence". The contract also created a vendee's lien against the property in the amount of the deposit.

The buyer applied to and was rejected by a savings bank for a mortgage on the property. The buyer notified the escrowee, the defendant Samuel M. Sprafkin, of the bank's rejection, and requested the return of its deposit. Sprafkin did not give the seller written notice, but rather, after some negotiations, communicated to the buyer the seller's proposal to finance the sale with its own financing combined with the buyer's taking the premises subject to two existing mortgages. The buyer declined the seller's proposal and renewed its request for the return of the deposit. The seller maintained that its proposal satisfied the terms of the mortgage condition and insisted on the buyer's performance. The plaintiff then commenced the instant action and filed a notice of pendency. The complaint sought recovery of the amount of the down payment by foreclosure of the vendee's lien against the property.

Because the plaintiff was neither required to apply to more than one institutional lender (see, Cohen v Turnpike Dev. Corp., 27 Misc 2d 1027), nor to accept private seller financing (see, Glassman v Gerstein, 10 AD2d 875; see also, Senese v Litz, 99 AD2d 580), the defendant Spring Corporation has not raised a triable issue of fact concerning the plaintiff's lack of good faith. Accordingly, the court was correct in granting the plaintiff's motion for summary judgment as against the defendant Spring Corporation.

The plaintiff's complaint failed to allege that the defendant Sprafkin acted in bad faith, in willful disregard of the terms of the contract, or with gross negligence; therefore, a cause of action was not stated as against Sprafkin, as escrowee. Accordingly, the defendant Sprafkin's cross motion for summary judgment dismissing the complaint as against him should have been granted.

Inasmuch as the complaint sought to foreclose a vendee's lien, the action is one in which the judgment demanded would affect the title to the real property, and, therefore, falls within the scope of CPLR 6501 (see, 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 320; Interboro Operating Corp. v Commonwealth Sec. & Mtge. Corp., 269 NY 56, 59). Accordingly, the court was correct in denying the defendant Spring Corpora-

tion's motion to cancel the notice of pendency. Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.