■ ROBERTO RUGGERI, Appellant-Respondent, v DAVID BRENNER, Respondent-Appellant, and CINQUE & CINQUE, P. C., Respondent, et al., Defendant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about February 4, 1992, which directed judgment in favor of plaintiff against the individual defendant but not against the defendant professional corporation, and judgment of the same court and Justice entered February 11, 1992, in favor of plaintiff and against the individual defendant, unanimously affirmed, without costs.

Plaintiff and the individual defendant entered into a contract of purchase and sale of a townhouse, with defendant professional corporation acting both as seller's counsel and escrowee. The contract required plaintiff to apply to a lender of his choice for a mortgage commitment, and provided for return of a 10% deposit if the application was denied.

To comply, plaintiff was required only to "exert a genuine effort to secure the mortgage financing and act in good faith", and if he did so he is entitled to rely on the contract and recover his down payment (Cone v Daus, 120 AD2d 788, 790). When the lender of plaintiff's choice rejected his application, plaintiff was not required to pursue other alternatives before recovering his deposit (see, Glassman v Gerstein, 10 AD2d 875). It is not disputed that plaintiff twice sought financing, provided all the required documents, and was unsuccessful for reasons not of his own making. Plaintiff was not obligated to make the third application, the details of which form the only real dispute found in the record, and therefore, that dispute is immaterial.

We need not consider whether the court properly declined to direct judgment against the escrowee, inasmuch as the escrowee, upon oral argument, represented that the money would be paid from the escrow and is fully bonded (see, Schwartz v Marien, 37 NY2d 487, 493).

We have considered the parties' remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.