■ CRAIG S. DELSACK et al., Respondents, v GEORGE J. CUMELLA, JR., et al., Appellants.—Order of the Supreme

Court, New York County (Shirley Fingerhood, J.), entered on or about May 27, 1992, which denied defendants' motion for summary judgment dismissing the complaint and on their counterclaim to retain the deposit, is unanimously reversed on the law to the extent appealed from and the motion granted, without costs or disbursements. The Clerk is directed to enter judgment in favor of the defendants dismissing the complaint.

Plaintiffs, as buyers, and defendants, as sellers, entered into an agreement involving the disposition of a condominium unit. The purchase price was $322,000, and a downpayment of $32,200 was held in escrow. Under the contract, the obligations of the purchasers were conditioned upon their procuring "a written commitment from any Institutional Lender pursuant to which such Institutional Lender agrees to make a loan to Purchaser * * * Purchaser shall a) make prompt application to one or more Institutional Lenders for such first mortgage loan * * * If Purchaser fails to obtain such commitment on or before the date set forth above, then Purchaser shall immediately notify Seller and, unless the parties agree in writing to extend such date or Purchaser delivers to Seller a written waiver of this condition, this Contract shall be deemed cancelled and thereafter neither party shall have any further rights against, or obligations or liabilities to, the other by reason of this Contract except that the Downpayment shall be promptly refunded to Purchaser". In the event of a default by purchasers, "Seller's sole remedy shall be to retain the Downpayment as liquidated damages". Moreover, according to the contract, an "institutional lender" is one described in section 274-a of the Real Property Law. Real Property Law § 274-a refers to "a bank, savings bank, private banker, trust company, savings and loan association or any other banking organization, as defined in the banking law, a national bank or trust company or any other federally-chartered or federally-regulated savings and loan association or other banking institution and an insurance company duly organized or licensed to do business in this state".

However, instead of submitting a mortgage application to one of the foregoing institutions, plaintiffs entered into an agreement with Saxon Equities Corporation, a licensed mortgage banker, or broker, for the purpose of obtaining assistance in getting a mortgage loan. In that regard, Saxon has contractual relationships with certain lending institutions, including Manufacturers Hanover Trust and Prudential Home Mortgage, pursuant to agreements whose terms render Saxon an independent contractor rather than an agent. Plaintiffs' mort-

gage loan application was "registered" by Saxon with Prudential, and, under Saxon's arrangement with Manufacturers Hanover Trust, the broker is authorized to compile a complete loan package, consisting of the relevant financial information, and determine whether the applicants meet the bank's guidelines. After registering the prospective loan with Prudential, Saxon undertook an appraisal of the apartment, purportedly on behalf of Prudential and Manufacturers Hanover Trust, which resulted in a valuation of $37,000 less than the sales price. Accordingly, Saxon contacted plaintiffs' counsel to advise her that the maximum loan for which they could qualify was 80 percent of the appraised value, and since this was considerably less than the amount sought by plaintiffs, the rules of both lending institutions mandated an automatic rejection.

Plaintiffs then advised defendants of their inability to acquire a mortgage for the amount set forth in the contract, terminated the agreement and demanded return of their downpayment. In response, defendants requested a copy of the loan application to one or more institutional lenders, as well as a copy of the letter of rejection. Plaintiffs only supplied a copy of the application to Saxon, insisting that Saxon was a mortgage banker within the purview of Real Property Law § 274-a. It should also be noted that defendant George J. Cumella alleges that he had "several conversations with Craig S. Delsack, one of the two purchasers. I stated that I would be willing to extend the period for purchasers to obtain a first mortgage loan if they would apply to an Institutional Lender. Mr. Delsack stated that he did not wish to make any further applications and that the reason which [sic] he had not applied to an Institutional Lender such as Marine Midland, Chemical Bank, Bowery Savings Bank or Citibank, N.A., is that the closing expenses for a mortgage with such an institution would be much higher than that of Saxon."

Defendants, in refusing to refund the downpayment, contend that Saxon is not an "institutional lender" as required by the contract, and, indeed, Saxon Equities Corporation is clearly not the sort of institution listed in Real Property Law § 274-a. While Prudential and Manufacturers Hanover Trust are both within the type of lenders contemplated by section 274-a of the Real Property Law, neither plaintiffs nor Saxon ever applied directly to either of these institutions. Rather, it was Saxon who took the financial information concerning the subject transaction, appraised the condominium unit in question and evaluated plaintiffs' eligibility. It was also Saxon

which decided that plaintiffs did not qualify for the loan sought by them. Regardless of whether or not Saxon's standards comport with those of Prudential and Manufacturers Hanover Trust, the fact remains that plaintiffs applied for their loan to Saxon, acting as a broker and agent for plaintiffs, and not to an institutional lender, as defined by the parties' agreement. In that connection, parol evidence may not be introduced to interpret a writing whose terms are not ambiguous (W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162). As observed by the Court of Appeals in W.W.W. Assocs. v Giancontieri (supra, at 162), "[w]hether or not a writing is ambiguous is a question of law to be resolved by the courts". The contract of sale involved herein is unequivocal that plaintiffs had to apply for a mortgage to the kind of institutional lender described in Real Property Law § 274-a, and Saxon simply does not constitute such a lender. Consequently, defendants are entitled to summary judgment dismissing the complaint. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Asch, JJ.