■ STEPHEN RATNER et al., as Coexecutors of MILES D. DAVIS, JR., Also Known as MILES DAVIS, Deceased, Appellants, v DAVID L. ELOVITZ et al., Respondents. [604 NYS2d 82] —Order, Supreme Court, New York County (Carol Huff, J.), entered April 24, 1992, which, *inter alia,* granted the defendants' cross motion for summary judgment on their counterclaims and cross claim and dismissed the complaint, unanimously modified, on the law, to deny the defendants' cross motion for summary judgment on their counterclaims and cross claim, the complaint is reinstated, and otherwise affirmed, with costs.

The late jazz musician Miles Davis instituted this action to recover a $166,000 deposit delivered in connection with a written contract of sale to purchase the shares and proprietary lease for a cooperative apartment located on Central Park West. The plaintiffs were substituted for Davis after his death. The defendants Elovitz and Turner, the owners of the cooperative shares and proprietary lease, asserted counterclaims and a cross claim for the release of the contract deposit to them, as liquidated damages.

Pursuant to the contract, Davis agreed to "apply in good faith for the [Mortgage] Loan from an Institutional Lender within 7 business days after a fully executed counterpart of [the] Contract is given to Purchaser." According to Davis, after signing the contract, he turned the responsibility of complying with its provisions over to his business agent/accountant Stephen Ratner. A down payment of $166,000 was placed in escrow and Ratner forwarded a mortgage application to Gelt Financial, Inc., a Pennsylvania corporation doing business as a mortgage broker.

After receiving the loan application form, Jack Miller, the president of Gelt, submitted it to Marine Midland Bank on February 12, 1991, four days after Davis executed the contract. He also submitted Davis' tax return and financial

statement. According to counsel for Davis, on February 25, 1991, in a conversation with Silvana Pulice of Marine Midland Bank, she told him that she did not believe the bank would approve Davis' mortgage application, in view of his ill health and inability to continue his musical performances.

In a form dated March 6, 1991, Gelt informed Davis that his application for a mortgage was denied because of "Temporary or irregular employment" and "Slow, delinquent repayment history." Davis' attorney asserted that Marine Midland must have informed Gelt that it was rejecting Davis' application, prompting Gelt's letter.

Davis' counsel then notified the defendants that the contract was cancelled pursuant to its terms, because of Davis' inability to obtain a mortgage, and sought recovery of the deposit. The defendants, however, alleged that Davis failed to comply with the terms of the contract in that he did not apply for a mortgage from an "Institutional Lender" and did not submit a truthful, accurate and complete loan application. They therefore cross moved for summary judgment on their counterclaims and cross claim for the deposit and for dismissal of the complaint.

The Supreme Court granted the defendants' cross motion on the ground that Davis applied for the loan from Gelt which was not an "Institutional Lender" and on the ground that the loan application submitted was incomplete and not on Marine Midland Bank's mortgage application form.

While Gelt is not an "Institutional Lender" as defined by the contract, the circumstances alleged by the plaintiffs as to Marine Midland's involvement in the application process raise an issue of fact as to whether Davis complied with his contractual obligations. The function of the court upon a motion for summary judgment is, of course, issue finding, not issue determination (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). Such a drastic remedy should only be employed when there is no doubt as to the absence of triable issues (Andre v Pomeroy, 35 NY2d 361).

According to Gelt's president, he submitted Davis' mortgage application to Marine Midland four days after the contract was executed. The contract required Davis to apply for a loan "from" an institutional lender, not that he personally submit the application directly. It did not preclude the employment of a broker to submit the requisite information to an institutional lender. If it is determined at trial that Davis, or his agent, submitted the requisite financial information to Gelt,

which then submitted an application for a mortgage from Marine Midland, and that Marine Midland rejected the application after learning of Davis' illness, it will have been established that Davis complied with his contractual obligations *(cf., Delsack v Cumella,* 189 AD2d 640).

Contrary to the conclusion reached by the Supreme Court, it cannot be determined on this cross motion for summary judgment whether the mortgage application submitted by Davis was incomplete or inaccurate and therefore, in violation of the contract. The record fails to support the finding that Davis did not use the form required by Marine Midland for residential mortgages. Moreover, although the Supreme Court cited blanks where pertinent financial information was requested on the copy of the application filed with the court, Gelt's president explained in his affidavit that, although a completed application was submitted to the bank, a copy from which specific financial information was redacted was submitted for purposes of the motion. The redacted copy did, however, show a net worth for Davis of $5,661,717.

Since a trial of this matter is required, we do not reach the issue of the applicable standard to be applied in the awarding of damages. Concur—Rosenberger, J. P., Ross, Asch and Rubin, JJ.