◾ ELDER F. THEBAUD et al., Appellants, v ROCCO J. CAL-

LARI et al., Respondents. [606 NYS2d 330] —In an action for the return of a down payment on a contract to sell real property, the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Lane, J.), dated November 12, 1991, which denied their motion for summary judgment on their cause of action for return of their down payment, and (2) as limited by their brief, from so much of an order of the same court, dated January 22, 1992, as, upon reargument and renewal, adhered to the original determination made in the order dated November 12, 1991.

Ordered that the appeal from the order dated November 12, 1991, is dismissed, as that order was superseded by the order dated January 22, 1992, made upon reargument and renewal; and it is further,

Ordered that the order dated January 22, 1992, is reversed insofar as appealed from, on the law, the order dated November 12, 1991, is vacated, the plaintiffs' motion is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment in the plaintiffs' favor against the defendants in the principal sum of $30,000, plus interest to be determined by the Supreme Court, Queens County; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiffs entered into a contract with the defendants sellers. Paragraph 11 of a "rider" to this contract provided that the plaintiffs would be entitled to cancel the contract by giving written notice of their election to do so, if they were unable to obtain a conventional mortgage of not less than $240,000, on stated conditions, by January 25, 1991. As reflected in its letter dated January 27, 1991, the Anchor Savings Bank advised that "a loan amount of $240,000 is not acceptable based on the [bank's] guidelines". The plaintiff Elder Francois Thebaud acknowledged that, following their receipt of that letter, the plaintiffs withdrew their mortgage application. The plaintiffs' attorney sent written notice of the plaintiffs' election to cancel the contract to the defendants' attorney by letter dated February 6, 1991.

The plaintiffs submitted competent evidence to establish that, despite a diligent attempt, they were unable to obtain a mortgage commitment in accordance with the terms of the contract by January 25, 1991, and that they exercised their right to cancel the contract shortly thereafter. Under these circumstances, the plaintiffs are entitled to judgment as a matter of law (see, e.g., Ferlita v Guarneri, 136 AD2d 680).

Whether the plaintiffs withdrew their mortgage application before or after February 6, 1991, is irrelevant. It is clear that the mortgage application was not withdrawn until after January 25, 1991, and until after the plaintiffs had been advised that the bank was unwilling to lend them $240,000 on the conditions specified. The plaintiffs had no contractual obligation to continue their good faith efforts to obtain a mortgage after that point.

Whatever issue of fact exists with respect to the exact timing of the plaintiffs' withdrawal of their mortgage application is thus immaterial. There being no other issue of fact to preclude summary relief, the order dated January 22, 1992, must be reversed insofar as appealed from, the plaintiffs' motion must be granted, and the plaintiffs awarded their down payment of $30,000 plus interest to be determined by the Supreme Court, Queens County. Bracken, J. P., Sullivan, Rosenblatt, and Joy, JJ., concur.