■ STEPHEN COMPANION, Appellant, v W. JOSEPH TOUCHSTONE, Respondent. [635 NYS2d 842] —Order affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint and awarding defendant judgment on his counterclaim. Defendant submitted proof in evidentiary form establishing that he acted in good faith to obtain a mortgage *(see, Ruggeri v Brenner,* 186 AD2d 441, *lv denied* 81 NY2d 704). Defendant established that he applied for a mortgage with Solvay Bank, but was informed by the bank's vice-president that the property qualified for a commercial mortgage of only $116,250, almost $20,000 less than the amount specified in the contract. The contract did not require defendant to apply to more than one lender. In light of the bank vice-president's statement, it would have been futile for defendant nevertheless to apply for a mortgage in an amount he had just been told was unavailable, and such a futile act is not required to establish good faith. Defendant also established that he incurred expenses of almost $4,000 in fees and services related to the property. Plaintiff failed to raise any issue of fact requiring a trial.

All concur except Callahan and Doerr, JJ., who dissent and vote to reverse in the following Memorandum.

Callahan and Doerr, JJ. (dissenting). We respectfully dissent. In our view, the issue whether defendant acted in good faith to obtain a mortgage should be determined by a jury. Although defendant was not obligated to apply to more than one lender to demonstrate good faith, the sales contract provided that defendant would make application for a mortgage in the amount of $135,000. Defendant made an application to a single lender for a mortgage in the amount of $116,250. Whether that constituted a good faith effort to obtain a mortgage in the amount of $135,000 raises an issue of fact to be resolved by a jury. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J. —Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Doerr, JJ.