■ KARMEL ELGHANYAN, Respondent, v EDWARD F. MUNDY et al., Appellants. [639 NYS2d 475]

This appeal concerns the return of a deposit for the sale of real property. The plaintiff entered into a contract with the defendant Edward F. Mundy to purchase certain real property for $500,000. Accordingly, he placed a $35,000 deposit in an escrow account with the defendant Robert Wagner, the attorney for Mundy. The sale was conditioned on the plaintiff's ability to secure a mortgage within a certain time frame. Pursuant to the terms of a rider to the contract, the plaintiff was required to "make a prompt and diligent application with a lending institution for a mortgage". Failure to do so would result in the forfeiture of his deposit. Pursuant to this obligation, the plaintiff hired a mortgage brokerage firm, Pugatch Realty Corp. (hereinafter Pugatch). When Pugatch's efforts to secure a mortgage within the contractual time (as subsequently extended) proved fruitless, the plaintiff demanded the return of his deposit. However, Mundy refused to return the deposit, asserting that the plaintiff's efforts were insufficient because neither he nor Pugatch ever submitted a formal, written application to any lending institution. Accordingly, the plaintiff commenced this action. After issue was joined, all parties moved for summary judgment. We now affirm the Supreme Court's judgment in favor of the plaintiff.

According to the unrebutted deposition testimony of Arthur Singer, the person at Pugatch who was primarily responsible for the plaintiff's account, Pugatch, among other things, submitted financial information supplied by the plaintiff to at least two lending institutions. Further, Pugatch had the plaintiff execute an authorization for a credit check by one bank and tender an application fee to another. The information submitted in each case was sufficient for the lending institution to determine that further inquiry would be unavailing and that a mortgage would not be granted. (Indeed, although the details are not clear from the record, Singer recalled receiving the same response from two other lending institutions.) One reason cited for the banks' refusal to approve

a loan was certain large business losses indicated on the plaintiff's tax returns. These actions were sufficient to have satisfied the plaintiff's obligation to have made a prompt and diligent application with a lending institution for a mortgage (see, Ratner v Elovitz, 198 AD2d 184; see also, Thebaud v Callari, 200 AD2d 565; Ruggeri v Brenner, 186 AD2d 441).

The defendants proffer two arguments against this conclusion. First, they argue, neither the plaintiff nor Pugatch ever submitted a formal, written application to any lending institution on behalf of the plaintiff. However, the failure by the plaintiff to have taken or caused to be taken the futile step of filing a further, more formal, written application to a lending institution that had already determined, based upon information already before it, that a mortgage would not be granted, does not constitute a lack of diligence (cf., Delsack v Cumella, 189 AD2d 640). Second, the defendants argue, the plaintiff's efforts were not diligent because he failed to submit income tax returns for 1991 and 1992. However, the defendants do not assert either that such returns were requested or that the denial of the mortgage by any lending institution turned on or was influenced by the lack of such information. Rather, Barry Pugatch, a principal of Pugatch, merely submitted an affidavit wherein he made the conclusory assertion that such returns were "necessary" to procure a mortgage. However, it was the uncontradicted testimony of Singer that all documentation requested from the plaintiff was supplied and that the mortgage applications were denied based, inter alia, on large tax losses revealed on the tax returns that were supplied. Nowhere did Singer assert, either in his deposition testimony or in the affidavit he submitted, that any lending institution's decision to deny the plaintiff a mortgage was influenced in any manner by a lack of information. Accordingly, Barry Pugatch's affidavit is insufficient to raise a bona fide issue of fact as to whether the plaintiff's actions were diligent. Accordingly, summary judgment was properly granted to the plaintiff. Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.