■ Lisa Fallah, Respondent, v Jonathan R. Hix et al., Appellants. [702 NYS2d 352] —In an action for the return of a down payment pursuant to a contract for the sale of real property, the defendants appeal from (1) a decision of the Supreme Court,

Nassau County (McCarty, J.), entered September 10, 1998, and (2) an order and judgment (one paper) of the same court, entered September 15, 1998, which, upon granting the plaintiff's motion for summary judgment and denying the defendants' motion for summary judgment, is in favor of the plaintiff and against the defendants, and directs the escrowee to return to the plaintiff her down payment.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Following the denial of her mortgage application, the plaintiff notified the defendants that the contract of sale for the defendants' property was cancelled pursuant to its terms, and sought recovery of the down payment. The defendants, however, refused to return the down payment, claiming that the plaintiff, *inter alia,* failed to exercise due diligence in obtaining a commitment and breached the contract of sale by utilizing the services of a mortgage broker. This action ensued, and both sides moved for summary judgment. We affirm the judgment in favor of the plaintiff.

The defendants' contention that the plaintiff failed to exercise due diligence is unsubstantiated. There is no evidence that the documentation provided by the plaintiff was inadequate or that the lender's decision to disapprove the plaintiff's mortgage application based on insufficient income was due in any way to a lack of information. Moreover, and contrary to the defendants' contention, the contract did not require the plaintiff to apply to more than one lender. Accordingly, the actions taken by the plaintiff, and by the mortgage broker on her behalf, were sufficient to satisfy the plaintiff's contractual obligation to make a "diligent, truthful, and proper" application (*see, Thebaud v Callari,* 200 AD2d 565; *see also, Elghanyan v Mundy,* 225 AD2d 654; *Ruggeri v Brenner,* 186 AD2d 441).

The plaintiff did not breach the contract by utilizing a mortgage broker to assist in the loan application process. The mortgage contingency clause contained in the contract provided that the plaintiff was to obtain a mortgage commitment from an "institutional lender". The broker forwarded the loan application to an institutional lender, which, after reviewing the application, declined to extend a mortgage to her. Thus, the plaintiff met her contractual obligations (*see, Ratner v Elovitz,* 198 AD2d 184; *cf., Delsack v Cumella,* 189 AD2d 640).

The defendants' remaining contentions are without merit. Sullivan, J. P., Friedmann, Feuerstein and Smith, JJ., concur.