■ BIG APPLE MEAT MARKET, INC., Appellant, v ARIE FRANKEL, Respondent. [714 NYS2d 333] —In an action to recover damages for breach of a contract to purchase real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated September 23, 1999, as denied its motion for summary judgment and granted the defendant's cross application for partial summary judgment on his second counterclaim for the return of the down payment.

Ordered that the order is modified by deleting the provision

thereof granting the defendant's cross application and substituting therefor a provision denying the cross application; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The defendant contracted to purchase certain real property in Farmingdale from the plaintiff and made a $55,000 down payment. A mortgage contingency clause in the contract permitted the defendant to cancel the contract upon written notice and recover his down payment if he was unable to obtain a mortgage commitment within a 45-day period, which the parties subsequently extended to March 12, 1998. By letter dated April 2, 1998, the plaintiff advised the defendant that time was of the essence and that he would be considered in default if he failed to close on April 13, 1998. On April 13, 1998, the defendant requested the return of his down payment. The plaintiff commenced this action to retain the down payment as liquidated damages based on the defendant's failure to close on April 13, 1998, and the defendant counterclaimed, *inter alia*, for the return of his down payment. Upon the plaintiff's motion for summary judgment, and the defendant's cross application for partial summary judgment on the second counterclaim for the return of the down payment, the Supreme Court granted the defendant partial summary judgment.

The mortgage contingency clause did not include a specific time within which the defendant was required to provide written notice to the plaintiff of his inability to obtain a mortgage commitment (*cf., Arnold v Birnbaum,* 193 AD2d 710). Accordingly, the defendant had a reasonable time to provide such notice (*see, Chalu v Tov-Le Realty Corp.,* 220 AD2d 552; *see also, Greenberg v Tekhomes, Inc.,* 209 AD2d 469). Assuming, as the plaintiff contends, that the mortgage contingency period expired on March 12, 1998, and was not extended further, the defendant requested the return of his down payment within a reasonable time.

The unrebutted evidence in the record established that there was an environmental problem on the property which interfered with the defendant's ability to obtain financing and that this environmental problem was not resolved until the State Department of Environmental Conservation (hereinafter the DEC) informed the plaintiff by letter dated March 17, 1998, that it had closed its file on the investigation of the property. The plaintiff did not object when the defendant indicated in early March 1998 that he expected to be able to close within 45 days of receipt of proof that the DEC had closed its file. Under the circumstances, we conclude that the defendant did not

violate the mortgage contingency clause by failing to close on April 13, 1998. The plaintiff's motion for summary judgment on the complaint was therefore properly denied.

The Supreme Court erred in directing the return of the defendant's down payment. The defendant had an obligation under the mortgage contingency clause to make a "diligent, prompt, and truthful application to a bona fide lending institution" for a mortgage (*see, Fallah v Hix,* 268 AD2d 501; *Elghanyan v Mundy,* 225 AD2d 654; *Creighton v Milbauer,* 191 AD2d 162). There is a triable issue of fact as to whether he met this obligation, as he did not offer any evidence documenting his efforts to obtain financing.

The parties' remaining contentions are without merit. O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.