■ 1951 BEDFORD HILLS CORP., Appellant, v DONALD HARDIE et al., Respondents. [823 NYS2d 698]—

In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered August 22, 2005, which, upon an order of the same court dated June 23, 2005, granting the defendants' motion for summary judgment dismissing the complaint and on their counterclaim, and denying its cross motion for summary judgment on the complaint and, in effect, dismissing the defendants' counterclaims, is in favor of the defendants and against it in the principal sum of $172,500.

Ordered that the judgment is affirmed, with costs.

This action arises out of a real estate transaction in which the defendants entered into a contract to purchase residential property from the plaintiff. Pursuant to the mortgage contingency clauses, the defendants, inter alia, had the right to cancel the contract and obtain the return of their down payment if they were unable to obtain a first mortgage at the prevailing interest rate.

After tendering a mortgage application for the amount provided in the contract, the defendants' prospective lender offered them a first mortgage for less than the amount provided for in the contract, and a second mortgage for the remainder of that amount but at a higher interest rate. Consequently, the

defendants elected to cancel the contract pursuant to the mortgage contingency clauses and sought the return of their down payment.

The plaintiff, alleging that the defendants breached the contract by applying for two mortgages, brought this action to retain the down payment on the property. The Supreme Court granted the defendants' motion, inter alia, for summary judgment on their counterclaim for the return of their down payment from the plaintiff and entered judgment accordingly. We affirm.

The defendants established their prima facie entitlement to summary judgment by showing that they made a good faith application for a single first mortgage on the property which is the subject of this action but were instead offered two mortgages, a first and second mortgage, at different interest rates by their mortgage lender. In response, the plaintiff failed to raise a triable issue of fact (*see Fallah v Hix,* 268 AD2d 501 [2000]; *Companion v Touchstone,* 222 AD2d 1087 [1995], *affd* 88 NY2d 1043, 1045 [1996]; *cf. Big Apple Meat Mkt. v Frankel,* 276 AD2d 657 [2000]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Adams, Goldstein and Lunn, JJ., concur.