■ PAUL POMERANZ et al., Appellants, v DANIEL B. DINEEN, Respondent, et al., Defendants.—In an action, *inter alia,* to recover damages for breach of contract, plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated January 16, 1985, which granted defendant Daniel B. Dineen's motion to dismiss the first, second and third causes of action of the complaint insofar as they are asserted against him.

Order modified, by adding a provision that plaintiffs, if they be so advised, may serve an amended complaint setting forth any appropriate cause of action they may have against defendant Daniel B. Dineen. As so modified, order affirmed, without costs or disbursements. Any amended complaint is to be served within 20 days after service upon plaintiffs of a copy of the order to be made hereon, with notice of entry.

In their complaint, plaintiffs, the prospective purchasers of a premises owned by defendants Thomas A. Arminio and Lillian E. Dineen, allege that defendant sellers and defendant Daniel B. Dineen, the escrow holder for the down payment made by the plaintiffs, breached the terms of the contract of sale between the plaintiffs and defendant sellers by their

failure to return the down payment to the plaintiffs. At Special Term, the plaintiffs conceded that their claim against Daniel B. Dineen, who was also the sellers' attorney, was based solely upon his status as the escrow agent named in the contract of sale. The contract specifically provided, in relevant part, that:

"(c) The Sellers' attorney shall have no liability to either party, except for wilful failure to comply with the provisions of this agreement;

"(d) The Attorney for Seller in his sole discretion, is authorized to disregard any and all notices and instructions given by any of the parties hereto or by any other person, firm or corporation, and may require that a final, non-appealable order be served upon him before acting. In the event of a dispute between the parties concerning the disposition of the sum held by the attorney for Seller hereunder, he shall hold such deposit until such dispute is resolved between the parties or he is in receipt of a final, non-appealable order directing the disposition of the sum held. In the event of a dispute between the parties, the Attorney for the Seller may, in lieu of holding the sum, deposit such sum in a court of competent jurisdiction, and upon making such deposit, he shall be discharged from all further liability or obligations hereunder.

"(e) The down payment referred to in this contract shall be delivered to Daniel B. Dineen Esq. * * * and shall be held by him in escrow until closing or termination".

The provisions indicate that the escrowee's mere failure to return the plaintiffs' down payment, without more, does not constitute a breach of the contract on his part. The record indicates that the escrowee is currently under no obligation to return the down payment to the plaintiffs, since the dispute between the contracting parties concerning the return of the down payment has not been resolved nor has a final, nonappealable order been served upon the escrowee, requiring him to return the down payment to the plaintiffs.

Accordingly, Special Term properly dismissed the first three causes of action of the complaint as against defendant Daniel B. Dineen.

However, since defendant Daniel B. Dineen has opted to hold the down payment as escrowee, which he is entitled to do under the terms of the contract, he is a proper party to this lawsuit so that he will be amenable to the judgment to be rendered herein with respect to the disposition of the escrow funds (see, Falk v Goodman, 7 NY2d 87). Therefore, as re-

quested by the plaintiffs at Special Term, they should have been granted leave to serve an amended complaint setting forth any appropriate cause of action against said defendant Daniel B. Dineen *(see, e.g., Bright v O'Neill,* 3 AD2d 728). O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.