■ SAMUEL BERGER et al., Respondents, v SALVATORE MATTELIANO et al., Appellants.—In an action to recover a deposit paid on a contract for the purchase of real property, the defendants appeal from a judgment of the Supreme Court, Kings County (Vinick, J.), entered April 20, 1988, which, upon granting those branches of the plaintiffs' motion which were for summary judgment in their favor on the first and third causes of action in their complaint and for summary judgment dismissing the defendants' counterclaims in an order dated January 2, 1988 is in favor of the plaintiffs and against them in the principal sum of $25,900. The defendants' notice of appeal from the order dated January 2, 1988, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, without costs or disbursements, the provisions of the order dated January 2, 1988, which granted those branches of the plaintiffs' motion which were for summary judgment in their favor on the first and third causes of action in their complaint and

for summary judgment dismissing the defendants' counterclaims are vacated, and the plaintiffs' motion for summary judgment is denied in its entirety.

The plaintiffs entered into a contract to purchase a home owned by the defendants Salvatore and Gilda Matteliano for $259,000. Upon signing the contract, the plaintiffs paid a deposit in the amount of $25,900, which was held in escrow by the defendant Derman, the attorney for the Mattelianos. Pursuant to the contract, the plaintiffs were obligated to make diligent efforts to obtain a mortgage loan in the amount of $180,000 for a period of 25 years. The plaintiffs alleged, and the Supreme Court agreed, that they had made a good-faith, albeit unsuccessful attempt to obtain a mortgage, and were therefore entitled, under the contract, to a refund of their deposit. However, the documentary evidence in the record, including, *inter alia,* the plaintiffs' mortgage application to Citibank, as well as the letters of rejection from both Citibank and the Greenpoint Savings Bank with respect to the plaintiffs' applications, raises a triable issue of fact concerning the plaintiffs' good faith or lack of it. Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.