■ BTS, INC., Respondent, v WEBNY CORP. et al., Appellants. —In an action to recover a deposit paid on a contract for the sale cf real property, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Becker, J.), dated February 28, 1989, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, dated June 16, 1989, which is in favor of the plaintiff in the principal sum of $50,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and the motion is denied; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On May 25, 1988, the plaintiff entered into a contract to purchase improved, commercial real property owned by the defendant Webny Corp. for $1,475,000. At that time, the plaintiff paid a down payment in the amount of $50,000, which was held in escrow by the defendant Cedric A. Brown, the attorney for Webny Corp. Pursuant to the contract, the plaintiff was obligated to make diligent efforts to obtain a mortgage commitment in the amount of $1,000,000. The plaintiff's mortgage application to National Westminster Bank USA was denied and it demanded the return of the $50,000 down payment, which demand was refused by the seller. In support of its motion for summary judgment, the plaintiff alleged that upon apprising the seller of the denial of the mortgage commitment it was entitled to the return of its deposit. The Supreme Court granted summary judgment in favor of the plaintiff. We now reverse.

The record reveals that a triable issue of fact exists concerning the plaintiff's good faith or lack thereof in attempting to obtain a mortgage commitment and, therefore, summary judgment should have been denied. The defendants allege that at the time of the contract negotiations the plaintiff produced a financial statement for the year ended May 31, 1987, which indicated that it had the financial ability to support a commitment for the $1,000,000 mortgage. When the plaintiff made its application a few days after signing the contract, it used a financial statement for the year ended May 31, 1988, which indicated a deteriorated financial position. The mortgage application was denied on the basis of the 1988 financial statement. The defendants allege that if the plaintiff's financial position was accurately reflected by the 1988 financial statement, it is unlikely that the plaintiff was unaware of its deteriorated financial status on May 25, 1988, when it entered into contract. The defendants also argued in their affidavit in opposition to the summary judgment motion that the 1988 financial statement was "a forced and fraudulent account prepared for the purpose of presenting a deliberately weakened position to the bank so that the plaintiff could get a letter from a branch manager to be used in the event suit was started".

The allegations in the instant case demonstrate that "the bad faith pleaded—if established—would constitute a willful nonperformance of a condition subsequent and thus destroy plaintiff's right to recover the deposit. This can be satisfactorily ascertained only following a trial" (*Falk v Goodman,* 7 NY2d 87, 91; *see also, Berger v Matteliano,* 151 AD2d 534; *Altman v Poughkeepsie Sav. Bank,* 72 AD2d 552). Further, the merger clause contained in the contract is unavailable as a basis for granting summary judgment (*see, Falk v Goodman, supra*).

The plaintiff's contention that summary judgment is appropriate due to the defendant's voluntary inaction (*see, Meath v Mishrick,* 68 NY2d 992; *Silinsky v State-Wide Ins. Co.,* 30 AD2d 1) is not supported by the record. The plaintiff commenced this action on or about September 28, 1988, and issue was joined on or about November 23, 1988. The plaintiff served a demand for a verified bill of particulars on December 8, 1988, requesting, *inter alia,* that the defendants "set forth with particularity how it will be shown that Plaintiff did not diligently apply for a mortgage commitment". The plaintiff moved for summary judgment on or about January 20, 1989, even though it had not received any responses to its demand

for a bill of particulars. This time frame does not establish voluntary inaction on the part of the defendants.

Finally, we hold that the defendant Cedric A. Brown was properly made a party to this lawsuit so that he will be amenable to any judgment rendered after trial with respect to the disposition of the escrow funds *(see, Falk v Goodman,* 7 NY2d 87, *supra; Pomeranz v Dineen,* 114 AD2d 944). Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.