■ DAVID E. BLASK et al., Appellants, v ROBERT MILLER et al., Respondents.—Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Thomas, J.), entered December 24, 1991 in Otsego County, which denied plaintiffs' motion for summary judgment.

On or about September 5, 1991 plaintiffs contracted to purchase defendants' real property in the Village of Cooperstown, Otsego County, and paid $10,500 as a down payment to be held in escrow; the purchase price was $175,000. To the extent pertinent here, the contract was made contingent upon (a) the "[p]urchaser obtaining * * * mortgage financing from a banking or lending institution * * * in the sum of $157,500" and (b) "a satisfactory report obtained by the [p]urchaser * * * stating that the premises are structurally sound".

Within days after the agreement was executed plaintiffs hired an area building contractor who, following an inspection of the premises, reported that "major repair work" was necessary, much of it "very costly", that the foundation, chimney, roof and porch were in need of repair, and that the approximately 80-year old house did not comply with the State Building and Fire Code. Plaintiffs promptly apprised defendants of the unsatisfactory inspection report they had received, indicated that they were terminating the contract because the house was not structurally sound and requested that their down payment be returned. Defendants thereupon engaged a professional engineer, who after inspection advised that the house had no major deficiencies that were structurally significant, a code inspector, who found no code violations, and a mason, who concluded that the foundation was in "good

---

structural condition". Defendants refused to return plaintiffs' deposit.

On or about the day the contract was entered into, plaintiffs applied to Norstar Bank for a mortgage, but their application was eventually rejected due to "insufficient funds to close the loan". Plaintiffs' renewed request to have defendants return the deposit, based on their inability to obtain financing as well as on the unsatisfactory inspection report, was rejected. Pointing to other lending institutions which defendants aver would have furnished the necessary financing had they been solicited by plaintiffs, defendants claim plaintiffs did not use "diligent efforts" in seeking financing, as the contract required. Accordingly, defendants were of the view that the contract obligations with respect to the structural and financing contingencies had not been fulfilled and therefore they intended to retain the down payment unless plaintiffs reimbursed them for the out-of-pocket expenses incurred as a consequence of their reliance upon plaintiffs' execution of the purchase agreement. This suit by plaintiffs alleging breach of contract and seeking the return of the down payment followed. After interposition of defendants' answer and a counterclaim for specific performance and plaintiffs' reply thereto, the parties moved for summary judgment on their respective claims. Both motions were denied. Plaintiffs appeal.

There being triable material fact issues with regard to each of the pertinent conditions, summary judgment was properly denied. Absent an express promise by a prospective purchaser to apply to a particular bank or to make a specified number of loan applications, a mortgage contingency clause in a sales contract only requires a good-faith attempt to procure a loan in the amount specified. In some situations this may be satisfied by one application (see, *Macho Assets v Spring Corp.,* 128 AD2d 680, 682, *lv denied* 69 NY2d 609). The contract at issue, however, requires plaintiffs to use "diligent efforts" to obtain a mortgage loan. This promise goes somewhat beyond a mere good-faith effort (*Grossman v Lowell,* 703 F Supp 282, 284), and dictates that the purchasers pursue all reasonable sources of potential financing. The record contains conflicting evidence of the availability of a loan: plaintiffs' moving papers represent that no mortgage could be procured which would satisfy the terms of the contract, whereas defendants' papers suggest that such terms were indeed available at several other lending institutions. A question of fact as to the availability of the requested financing is thus presented precluding summary judgment under the mortgage contingency clause. Addition-

ally, given that plaintiffs' mortgage application was denied for insufficient funds, a factual issue also exists concerning plaintiffs' good faith in contracting to purchase property they may not have been able to afford *(see, Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.,* 30 NY2d 34, 45, *cert denied* 409 US 875; *Binks v Farooq,* 178 AD2d 999, 1001).

Furthermore, when contract duties are contingent upon a particular condition being "satisfactory" to one party—as here, the purchasers obtaining a satisfactory report as to the soundness of the structure and its electrical, plumbing and heating systems—that party's rejection of the condition is to be judged by an objective standard of reasonableness *(Cross v Frezza,* 161 AD2d 927, 929). In light of the differing views of the parties' experts as to whether any of the defects found on the property affect the underlying structural soundness of the house, the reasonableness of plaintiffs' termination of the contract on this basis is also for the trier of fact to resolve.

Mikoll, J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.