Z/Z Sullivan Realty Company, Appellant-Respondent, v Michael A. Ronan et al., Respondents-Appellants.—Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Williams, J.), entered March 9, 1992 in Sullivan County, which denied plaintiff's motion for summary judgment and defendants' cross motion for summary judgment.

This dispute arises out of a contract of sale between defendants (hereinafter the sellers) and Z/Z Development Corporation (hereinafter the buyer),* which was entered into in April 1988 and subsequently modified. The initial contract (hereinafter the principal contract) governing the purchase of land in Sullivan County was contingent upon the buyer securing several different types of governmental approval (e.g., expansion of water and sewage service) and variances to allow for the construction of a 425-unit development on the subject property; the purchaser was to diligently and timely pursue acquisition of the approvals and variances. The closing was to take place no later than 18 months after the agreement was executed. Under certain conditions, the principal contract would be extended for six months. Upon execution of the agreement the buyer made an escrow deposit of $75,000 to be applied against the purchase price, and took back a mortgage on the property to secure its repayment should the sale not be consummated.

On October 7, 1989, the parties signed a modification agreement giving the buyer an additional year, from that date, to acquire the approvals; the modification stated that the closing was to occur within 30 days of receipt of the approvals, but "in any event * * * no later than [Oct. 7, 1990]". It also provided for, and the buyer made, an additional $80,000 deposit, $50,000 of which was to be nonrefundable, except in the case of a breach by the sellers.

---

* Z/Z Development Corporation assigned all rights under the contract to Z/Z Sullivan Corporation, which actually pursued the approvals required under the contract. These two entities will be collectively referred to herein as "the buyer". The rights were later assigned to plaintiff.

The sellers scheduled a closing of the sale on October 7, 1990. Not having obtained the necessary approvals, the buyer did not attend the closing, but instead attempted, to no avail, to negotiate a further extension of the contract. The buyer thereupon demanded that the sellers return the original $75,000 deposit along with $30,000 of the $80,000 paid when the modification agreement was executed; claiming that the buyer was in breach for failing to close on October 7, 1990, the sellers refused. Plaintiff, the buyer's assignee, then brought this suit to foreclose on the mortgage and to recover the $30,000. The sellers answered and counterclaimed alleging, *inter alia*, that the buyer breached the contract by failing to use diligent efforts in seeking the required approvals. Both parties moved for summary judgment. Supreme Court, finding that triable questions of fact precluded summary judgment, denied both motions. Both parties appeal. We affirm.

The sellers contend that the contract modification imposed an absolute duty on the buyer to close on October 7, 1990, regardless of whether it had obtained the approvals and, further, that if the contract continued to remain contingent on plaintiff securing the approvals, that it did not do so with due diligence. Plaintiff, on the other hand, maintains that the modification merely changed the time limit for acquiring the approvals and that it did not alter the basic contingency clause of the principal contract. It is plaintiff's claim that because the approvals, though diligently pursued, had not been obtained by the date established for closing, the buyer was excused from performance and is entitled to the return of its deposit.

It is apparent from a reading of the contract modification, which extended the buyer's time to acquire the necessary approvals, that it did not eliminate the provision in the principal contract making the sale contingent on acquisition of those approvals. Significantly, the modification, which specifically identified every change that it effected in the principal contract, did not mention the paragraph containing the contingency clause. Although the modification did state that "in any event" the closing would take place on or before October 7, 1990, this is the same language found in the principal contract; hence, it cannot be said to be incompatible with the contingency provision. Moreover, of the $80,000 paid by the buyer pursuant to the modification agreement, only $50,000 was to be nonrefundable, leaving the remaining $30,000, by implication, as a refundable deposit. This, too, indicates that the parties were aware that the sale might

never be consummated, even in the absence of a breach—if the buyer was bound to close on the property regardless of the contingency, there would be no reason for a refundable deposit.

As the modification agreement did not remove the contingency allowing the buyer to be relieved of its obligation to close if it did not obtain all the approvals, the buyer cannot be faulted for not attending the closing unless it failed to use due diligence in seeking the approvals (see, Blask v Miller, 186 AD2d 958). Whether due diligence was indeed lacking on the buyer's part, as the sellers' affidavits insinuate, raises a triable issue of fact precluding summary judgment.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.