■ Myron Zwirn, Appellant, v Irving Goodman et al.,

Respondents. [613 NYS2d 942] —In an action, *inter alia,* to recover a down payment paid on a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered November 2, 1992, which, *inter alia,* granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

In October 1991 the defendant Richard N. Tannenbaum (hereinafter the sellers' attorney), acting on behalf of the defendants Irving and Selma Goodman (hereinafter the sellers), forwarded an unsigned contract for the sale of a $750,000 condominium owned by the sellers to the plaintiff (hereinafter the buyer). The contract contained a tentative closing date of January 6, 1992. Exactly one month later the buyer returned an executed copy of the contract to the sellers' attorney, along with a $75,000 deposit that the sellers' attorney was to hold in escrow. By letter dated December 18, 1991, which apparently was received on December 19, 1991, the buyer notified the sellers' attorney that he wanted to cancel the contract and asked for the return of his down payment. The sellers allege that they executed the contract on December 18, 1991, and forwarded an executed copy to the buyer either that day or the next. Although the buyer asserted that the sellers unduly delayed the execution of the contract, he subsequently made an application for a mortgage under the terms of the contract. In a letter dated February 25, 1992, the lending institution denied the buyer's application based upon several listed factors, including the incompleteness of the application and *the insufficiency of the value of the property in relation to the amount of the loan.* The sellers subsequently asserted that the buyer willfully defaulted under the terms of the contract by failing to make a prompt and diligent effort to obtain financing, and refused to return the down payment.

Thereafter, the buyer commenced this action, seeking the return of his down payment under the first and second causes of action, on the grounds that he had effectively rescinded the contract before it had been executed by the sellers and after the sellers' inordinate delay in the execution, and that he had made a good faith, albeit unsuccessful, attempt to obtain the mortgage and therefore was entitled to the recovery of the down payment under the terms of the contract. The third cause of action was asserted against the sellers' attorney only

and alleged that he failed to fulfill his obligations as escrowee by not refunding the down payment upon demand. Upon the defendants' pre-answer motion under CPLR 3211 (a) (7) and (c), the Supreme Court dismissed the complaint and decreed that the sellers were entitled to the down payment. This appeal ensued.

On this record we conclude that there exist triable issues of fact which preclude the granting of summary judgment on the first and second causes of action at this juncture. Such issues include, but are not limited to, whether the sellers' delay in executing the contract was inordinate under the circumstances, whether the sellers only executed the contract after the buyer attempted to cancel it, and whether the buyer made a good faith effort to obtain a mortgage commitment. Thus, the Supreme Court erred in granting the defendants summary judgment on those causes of action (see, e.g., Creighton v Milbauer, 191 AD2d 162, 165).

With respect to the third cause of action, we find that the sellers' attorney was properly made a party to the lawsuit, so that he will be amenable to any judgment rendered after trial with respect to the disposition of the escrow funds (see, BTS, Inc. v Webny Corp., 157 AD2d 638, 640; Pomeranz v Dineen, 114 AD2d 944). Rosenblatt, J. P., Lawrence, Copertino and Joy, JJ., concur.