■ Z/Z SULLIVAN REALTY COMPANY, Respondent, v MICHAEL A. RONAN et al., Appellants. [650 NYS2d 858] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Williams, J.), entered August 15, 1995 in Sullivan County, upon a decision of the court in favor of plaintiff.

This dispute has previously been before us (see, 189 AD2d 1084). It has its origin in a contract entered into between defendants (hereinafter the sellers) and plaintiff (which along with its assignee, Z/Z Sullivan Corporation, will hereinafter be collectively referred to as the buyer), by the terms of which the buyer was to purchase a large tract of land in the Town of Fallsburg, Sullivan County, upon which it intended to construct a residential development of at least 425 units. The sale was contingent upon the buyer obtaining the governmental approvals and variances necessary to complete the project; acquisition of these approvals and variances was to be "diligently and timely" pursued. When the agreement was executed, the buyer gave the sellers a $75,000 deposit against the purchase price and took back a mortgage on the property to secure its repayment should the sale not be consummated.

The closing was originally slated to take place no later than October 7, 1989 (with a six-month extension to be available under certain conditions), but when that date arrived the parties (the buyer's rights under the contract had, prior to that time, been assigned to plaintiff) agreed upon a 12-month extension, for which plaintiff tendered an additional $80,000 deposit, $50,000 of which was to be nonrefundable except in the case of a breach by the sellers. The sellers scheduled a closing for October 7, 1990 but plaintiff, not having obtained the necessary approvals, did not attend the closing. When the sellers refused to agree to a further extension of time, or to return the original $75,000 deposit plus the $30,000 refundable portion of the second deposit, plaintiff brought this suit to foreclose on its mortgage and to recover the additional $30,000. Defendants answered and counterclaimed, alleging, inter alia, that plaintiff and its predecessors (hereinafter plaintiff) had breached the contract by failing to use diligent efforts to secure the requisite approvals. Because the issue of due diligence presented a factual question, this Court deemed summary judgment to be

inappropriate (*see,* 189 AD2d 1084, *supra*). At the ensuing non-jury trial, Supreme Court found in plaintiff's favor, prompting this appeal by defendants.

Defendants contend that Supreme Court erroneously ruled that because they agreed, on October 7, 1989, to allow plaintiff additional time for the closing, and accepted consideration therefor, they were estopped from arguing that plaintiff had failed to act diligently prior to that time. They maintain that if the court had considered plaintiff's actions both before and after execution of the modification agreement, a decision in their favor would have been mandated.

We disagree. Initially, it does not appear that Supreme Court limited its inquiry—as defendants assert—to the time period after October 7, 1989. Although the court noted, almost in passing, its agreement with the estoppel theory propounded by plaintiff's counsel, its conclusion that plaintiff had indeed acted with due diligence clearly was not based solely on the latter's activities after October 1989. Rather, after carefully evaluating all of the expert testimony, including the concessions made by defendant's expert on cross-examination, and the documentary evidence, Supreme Court credited the opinion rendered by plaintiff's expert, Edwin Garling, that plaintiff had acted diligently. In view of the court's explicit reference to Garling's opinion testimony that, "looking at [plaintiff's] actions over-all in connection with its attempts to seek approvals", it had pursued the application "in a diligent manner", and his later reaffirmance of that "previously expressed opinion of [plaintiff's] diligence from April, 1988 through October 7, 1990", it is apparent that the court's decision did not turn on its acceptance of the estoppel theory.

Nor was the decision against the weight of the evidence. As Supreme Court noted, with respect to the key issue of whether plaintiff should have "dual tracked" its efforts to obtain the necessary governmental approvals, even defendants' expert, Robert Geneslaw, agreed that the failure to do so did not necessarily equate to a lack of diligence. Moreover, there was testimony that plaintiff proceeded cautiously because of the possibility that adequate water would not be available for the project. This was corroborated by documentary evidence, particularly by several communications from a Department of Health employee, and others stating that the Town of Fallsburg was without sufficient water supply or water pressure to service the proposed development. Although several of defendants' witnesses testified that the water shortage referred to was a "paper" problem only, Geneslaw admitted that the

memorandum received from the Town's Utilities Director would prompt him to suggest that a developer "slow down" its efforts.

To the extent that defendants point to other evidence that tends to support their position as to the feasibility and desirability of dual tracking, the propriety of plaintiff's response to the water problems and the other factors bearing on the reasonableness of plaintiff's actions, that evidence (which was by no means overwhelming) merely posed credibility questions which Supreme Court, not inappropriately, resolved in plaintiff's favor. After considering the evidence as a whole— particularly the equivocal nature of Geneslaw's testimony— there is no basis for disturbing the court's factual finding that plaintiff met its burden of proving that it had acted with due diligence (*see, Blask v Miller,* 186 AD2d 958, 959) in seeking the required approvals, and therefore that it was relieved of its obligation to consummate the sale when those approvals had not been acquired by the closing date of October 7, 1990 (*see, J & J Structures v Callanan Indus.,* 215 AD2d 890, 891, *lv denied* 86 NY2d 708; *Sciarabba v State of New York,* 182 AD2d 892, 894).

The conclusion we have reached renders it unnecessary to address the remainder of defendants' contentions.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.