■ MAREM BALKHIYEV et al., Respondents, v JUDITH SANDERS, Appellant, et al., Defendant. [896 NYS2d 147]—

In an action to recover a down payment made pursuant to a contract for the purchase of real property, the defendant Judith Sanders appeals, as limited by her brief, from so much of an or-

der of the Supreme Court, Queens County (McDonald, J.), dated June 6, 2008, as denied her motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaim to retain the down payment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Judith Sanders entered into a contract to sell her home to the plaintiffs. Pursuant to the contract, the plaintiffs paid a down payment in the sum of $62,500 to Sanders's attorney, the defendant Milton D. Ottensoser, as escrowee. The contract was contingent on the plaintiffs obtaining a new first mortgage for not more than the sum of $580,000 at prevailing interest rates and for a duration of no less than 15 years. The plaintiffs agreed to "immediately apply for such mortgage and truthfully supply all personal information required." The contract provided that "[i]n the event that the [plaintiffs] are unable to secure a mortgage commitment after diligent effort, as herein specified, they may cancel this contract." The plaintiffs' application for a mortgage was denied. The reasons given for the denial were "[u]nable to verify income," "[i]ncome insufficient for amount of credit requested," and "[e]xcessive obligations in relation to income." The plaintiffs notified Sanders that their mortgage application had been denied and they requested the return of their down payment. Sanders instructed Ottensoser not to return the down payment. Thereafter, the plaintiffs commenced this action to recover the down payment.

Sanders moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaim to retain the down payment. The Supreme Court, inter alia, denied the motion. Sanders appeals, arguing that the plaintiffs did not act in good faith to secure mortgage financing. We affirm the order insofar as appealed from.

Sanders failed to establish her prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Contrary to her contention, triable issues of fact exist as to whether the plaintiffs acted in good faith to secure mortgage financing (see Garber v Giordano, 16 AD3d 454 [2005]; Kapur v Stiefel, 264 AD2d 602 [1999]; Katz v Simon, 216 AD2d 270 [1995]; Zwirn v Goodman, 206 AD2d 360 [1994]; Blask v Miller, 186 AD2d 958 [1992]; BTS, Inc. v Webny Corp., 157 AD2d 638 [1990]; Wilson v City of Long Beach, 133 AD2d 684

[1987]). Accordingly, the Supreme Court properly denied Sanders's motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaim to retain the down payment.

Sanders's remaining contention is without merit. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.