■ Victor Samson et al., Appellants, v Sapphire Capital, Inc., Respondent. [904 NYS2d 152]—

In an action for the return of a down payment made pursuant to a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated June 9, 2009, as denied their cross motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, as purchasers, and the defendant, as seller, entered into a contract for the sale of real property. Upon executing the contract, the plaintiffs paid to the defendant a down payment in the sum of $40,000. The contract was contingent on the plaintiffs' ability to obtain a written mortgage commitment within 45 days of the date of the agreement, and required that the plaintiffs "promptly and diligently" apply for such a mortgage. Sometime after the expiration of the 45-day period, the plaintiffs opted to cancel the contract, citing their inability to obtain a mortgage commitment. Thereafter, the defendants sold the property to a third party and refused to return the plaintiffs' down payment, citing the plaintiffs' lack of diligence and good faith in attempting to obtain a mortgage commitment. The plaintiffs commenced this action to recover their down payment and cross-moved for summary judgment. The Supreme Court, inter alia, denied the cross motion, and the plaintiffs appeal. We affirm the order insofar as appealed from.

The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Triable issues of fact exist as to whether the plaintiffs fulfilled their contractual obligation to exercise diligent efforts to obtain a mortgage commitment (see Balkhiyev v Sanders, 71 AD3d 611 [2010]; Garber v Giordano, 16 AD3d 454 [2005]; Katz v Simon, 216 AD2d 270 [1995]; BTS, Inc. v Webny Corp., 157 AD2d 638 [1990]). If a trier of fact were to conclude that the plaintiffs failed to exercise diligent efforts in attempting to obtain a mortgage commitment, then their cancellation of the contract would have constituted an anticipatory breach relieving the defendant of its obligation to tender performance under the contract (see Peek v Scialdone, 56 AD3d 743 [2008]; Somma v Richardt, 52 AD3d 813 [2008]; D'Abreau v

*Smith*, 240 AD2d 616 [1997]; *Petrizzo v Pinks*, 154 AD2d 521 [1989]). Accordingly, the Supreme Court properly denied the plaintiffs' cross motion for summary judgment (*see Bucciero v Jian Sheng Li*, 191 AD2d 887 [1993]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.