■ EHUD MAOR et al., Respondents, v ESTELLE SEAMON, Appellant. [913 NYS2d 576]—

In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the defendant appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (Cozzens, J.), dated November 4, 2009, as granted that branch of the plaintiffs' motion which was, in effect, for summary judgment on so much of the complaint as sought recovery of the down payment, and (2) a judgment of the same court entered February 2, 2010, as, upon the order, is in favor of the plaintiffs and against her in the principal sum of $62,000. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the plaintiffs' motion which was, in effect, for summary judgment on so much of the complaint as sought recovery of the down payment is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The Supreme Court should have denied the plaintiffs' motion, in effect, for summary judgment on so much of the complaint as sought recovery of a down payment made pursuant to a contract for the sale of real property. The plaintiffs failed to establish, prima facie, their entitlement to judgment as a matter of law as to the issue of whether they fulfilled their contractual obligations to exercise diligent efforts to obtain a mortgage commitment and to submit accurate and complete information to the mortgage lender (see Samson v Sapphire Capital, Inc., 74 AD3d 1172, 1173 [2010]; Balkhiyev v Sanders, 71 AD3d 611, 612-613 [2010]; Big Apple Meat Mkt. v Frankel, 276 AD2d 657, 659 [2000]).

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.