# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**713**
**CA 10-02401**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND GREEN, JJ.

---

DANIEL B. LANDIS AND JANELLA A. LANDIS,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

RICHARD GIACINTO, SHULTS & SHULTS ATTORNEYS,
AND DAVID A. SHULTS, ESQ., DEFENDANTS-RESPONDENTS.

---

EDWARD J. DEGNAN, CANISTEO, FOR PLAINTIFFS-APPELLANTS.

SHULTS AND SHULTS, HORNELL (DAVID A. SHULTS OF COUNSEL),
DEFENDANTS-RESPONDENTS PRO SE, AND FOR DEFENDANT-RESPONDENT RICHARD
GIACINTO.

---

Appeal from an order of the Supreme Court, Steuben County (Joseph D. Valentino, J.), entered February 18, 2010. The order granted the motion of defendants for summary judgment dismissing the complaint and denied the cross motion of plaintiffs for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendants' motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, to recover the down payment held in escrow that was paid by defendant Richard Giacinto when he entered into a contract to purchase real estate from plaintiffs. We agree with plaintiffs that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint, and we therefore modify the order accordingly. A seller in a real estate transaction may be entitled to keep a down payment where a buyer willfully defaults on the contract (*see Lawrence v Miller*, 86 NY 131, 139-140; *see also Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378). Here, the contract contained a mortgage contingency clause, and we conclude that there is a triable issue of fact whether Giacinto engaged in good faith efforts to obtain a mortgage (*see Balkhiyev v Sanders*, 71 AD3d 611, 612-613; *Katz v Simon*, 216 AD2d 270, 271-272; *Zwirn v Goodman*, 206 AD2d 360, 361-362).

We further conclude, however, that the court properly denied plaintiffs' cross motion for, inter alia, summary judgment on the third cause of action, alleging that plaintiffs are entitled to retain the down payment held in escrow, inasmuch as there are triable issues of fact with respect to Giacinto's breach of the real estate contract

(*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We reject plaintiffs' contention that the evidence submitted regarding an alleged mortgage commitment from IndyMac Bank establishes that Giacinto breached the contract as a matter of law.  We reject plaintiffs' further contention that Giacinto breached the contract by providing late notice of his inability to secure financing.  The contract did not specify a date by which Giacinto was required to provide such notice, and he therefore was afforded a reasonable time to do so (*see Big Apple Meat Mkt. v Frankel*, 276 AD2d 657, 658).

Entered:  July 8, 2011                                    Patricia L. Morgan
                                                         Clerk of the Court