In an action to recover a down payment made pursuant to a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme *695 Court, Nassau County (Adams, J.), entered May 7, 2012, as granted that branch of the motion of the defendant Andrew Pravder, as executor of the estate of Ruth Pravder, which was for summary judgment dismissing the complaint insofar as asserted against him and denied the plaintiffs’ cross motion for summary judgment on the complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Andrew Pravder, as executor of the estate of Ruth Pravder, which was for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs, as purchasers, and the defendant Andrew Pravder, as executor of the estate of Ruth Pravder (hereinafter Pravder), as seller, entered into a contract for the sale of real property. The plaintiffs made a down payment in the sum of $97,250 to Pravder’s attorney, the defendant Donald J. Kavanagh, Jr. The contract was contingent on the plaintiffs’ ability to obtain a written mortgage commitment, and required, inter alia, that the plaintiffs “pursue such application with diligence.” The application of the plaintiff Hsien D. Hsieh for a mortgage loan was denied. The basis given by the bank for the denial was “insufficient cash.”
The plaintiffs notified Kavanagh that their mortgage application had been denied and requested the return of their down payment. However, Pravder instructed Kavanagh not to return the down payment on the ground that the plaintiffs had not acted in good faith in pursuing the mortgage commitment. Subsequently, the plaintiffs commenced this action to recover the down payment. In the order appealed from, the Supreme Court, inter alia, granted that branch of Pravder’s motion which was for summary judgment dismissing the complaint insofar as asserted against him, and denied the plaintiffs’ cross motion for summary judgment on the complaint.
Contrary to the Supreme Court’s determination, Pravder failed to establish his prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Triable issues of fact exist as to whether the plaintiffs made a diligent, good-faith effort to secure mortgage financing (see Maor v Seamon, 79 AD3d 1105 [2010]; Samson v Sapphire Capital, Inc., 74 AD3d 1172, 1173 [2010]; Balkhiyev v Sanders, 71 AD3d 611, 612 [2010]; Big Apple Meat Mkt. v Frankel, 276 AD2d 657, 659 [2000]; Blask v Miller, 186 AD2d 958, 959-960 [1992]; BTS, Inc. v Webny Corp., 157 AD2d 638, 639 [1990]).
*696 The plaintiffs’ remaining contention is without merit.
Accordingly, the Supreme Court should have denied that branch of Pravder’s motion which was for summary judgment dismissing the complaint insofar as asserted against him and, for the same reasons, the plaintiffs’ cross motion for summary judgment on the complaint was properly denied. Rivera, J.E, Dickerson, Leventhal and Roman, JJ., concur.