OPINION OF THE COURT
Memorandum.
Ordered that the appeal by defendant Leonard M. Morrison from the order dated February 28, 2011 and so much of the appeal from the order dated September 22, 2011 as is from the portion thereof which denied defendant Leonard M. Morrison’s motion for summary judgment on his first counterclaim, are dismissed as moot; and it is further, ordered that the order dated September 22, 2011, insofar as reviewed, is affirmed, without costs.
Plaintiff Sybil Pitter had contracted with defendant Rory Gregory for the purchase of a cooperative apartment. Defendant Leonard M. Morrison acted as defendant Gregory’s attorney in that transaction, and, pursuant to the parties’ escrow agreement, held plaintiffs $7,100 down payment in his capacity as escrow agent. After plaintiffs application to purchase the apartment was denied by the board of directors of the cooperative corporation, plaintiff requested that defendants return her down payment. Defendants refused to comply with plaintiffs request on the ground that plaintiff had transmitted her application to purchase the cooperative apartment more than 10 business days after the contract date, in violation of the terms of the contract of sale, and had thereby forfeited the down payment. Plaintiff commenced this action, against defendant Gregory as seller and against defendant Morrison as escrow agent, to recover her down payment.
Defendants moved to dismiss the complaint. Plaintiff cross-moved for summary judgment, following which defendants again moved for the dismissal of the complaint. In an order dated February 28, 2011, the City Court denied defendants’ motions to dismiss; denied, without prejudice, plaintiffs motion for summary judgment; and directed defendants to answer the complaint. Defendants submitted separate answers, in which they each denied liability; additionally, each stated four counterclaims.
*106 Defendant Morrison subsequently moved, without opposition, to be relieved as attorney for defendant Gregory, and also moved separately for summary judgment on his counterclaims. On May 13, 2011, in court, defendant Gregory instructed defendant Morrison to return the down payment to plaintiff and withdrew his counterclaims against plaintiff. Defendant Morrison returned the down payment to plaintiff, which plaintiff accepted in full settlement of all of her causes of action. Consequently, defendant Morrison’s appeal from so much of the order dated February 28, 2011 as denied the branch of defendants’ motions seeking to dismiss the complaint insofar as asserted against him is moot.
Defendant Morrison thereafter moved for summary judgment on his counterclaims. The court denied his motion and, upon searching the record, granted plaintiff summary judgment dismissing those counterclaims.
Since, in his first counterclaim, defendant Morrison alleged only that defendant Gregory was entitled to retain the down payment, and defendant Gregory subsequently directed Morrison to return the down payment to plaintiff and abandoned all claims thereto, any issues pertaining to the dismissal of that counterclaim are moot.
In his second counterclaim, relying on the indemnification provision contained in the parties’ escrow agreement, defendant Morrison sought payment of attorney’s fees he had allegedly incurred in defending the action brought against him by plaintiff, and, apparently, the attorney’s fees he had incurred in connection with the prosecution of his counterclaims. The escrow agreement provided, in pertinent part:
“The Seller and the Purchaser hereby jointly and severally agree to indemnify and save the Escrow Agent harmless from and against any and all loss, damage, claims, liabilities, judgments and other costs and expenses of every kind and nature which may be incurred by the Escrow Agent (including attorney’s fees) by reason of his acceptance of, and his performance under, this Agreement unless caused by the gross negligence or the wilfull default of the Escrow Agent. The Escrow Agent shall be automatically released from all responsibility and liability under this Agreement upon the Escrow Agent’s deposit of the Down Payment in accordance with the provisions of this Agreement.”
*107 “Attorney’s fees incurred during an action are considered an incident of litigation and, unless authorized by statute, court rule, or written agreement of the parties, are not recoverable” (Safanovskaya v Ostrow, 34 Misc 3d 135[A], 2011 NY Slip Op 52387[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011], citing TAG 380, LLC v ComMet 380, Inc., 10 NY3d 507, 515-516 [2008]). To the extent that a contract indemnifying a party against the cost of attorney’s fees might “seem to admit of a larger sense,” a promise to indemnify “should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances” (Hooper Assoc, v AGS Computers, 74 NY2d 487, 491-492 [1989] [internal quotation marks omitted]).
Plaintiffs action sought only to recover her down payment, and, while defendant Morrison was named as a party to that litigation, it was solely in his capacity as stakeholder. Under the terms of the escrow agreement, defendant Morrison had the right to terminate his role in the litigation by simply depositing the down payment into court. In support of his motion for summary judgment, defendant Morrison failed to submit any evidence from which it could be concluded that, under these particular facts and circumstances, the escrow agreement was intended to confer a right to have the escrow agent indemnified for legal costs he incurred in connection with his assertion of defenses to the controversy between plaintiff and defendant Gregory concerning their respective rights to the down payment, or in connection with his assertion of counterclaims. We therefore conclude that the City Court properly denied the branch of defendant Morrison’s motion seeking summary judgment with respect to his second counterclaim and, upon searching the record, sua sponte granted summary judgment to plaintiff dismissing the second counterclaim.
In his third counterclaim, defendant Morrison alleged that he had been wrongfully named as a defendant in plaintiffs action to recover her down payment. “In a dispute between the buyer and the seller over escrow funds, the escrow agent is a proper party, ‘so that he [or she] will be amenable to any judgment rendered after trial with respect to the disposition of the escrow funds’ ” (Takayama v Schaefer, 240 AD2d 21, 25 [1998], quoting Zwirn v Goodman, 206 AD2d 360, 362 [1994]; see also 55 NY Jur 2d, Escrows § 40). Since, as escrow agent, defendant Morrison was properly named as a defendant in this action, we find that the City Court correctly denied the branch of defend *108 ant Morrison’s motion seeking summary judgment with respect to his third counterclaim and, upon searching the record, sua sponte granted summary judgment to plaintiff dismissing the third counterclaim.
In his fourth counterclaim, defendant Morrison asserted that plaintiff had harassed him by serving him by registered mail with an additional copy of the summons and complaint. Since “ ‘New York does not recognize a common-law cause of action to recover damages for harassment’ ” (Santoro v Town of Smithtown, 40 AD3d 736, 738 [2007], quoting Daulat v Helms Bros., Inc., 18 AD3d 802, 803 [2005]), we conclude that the City Court properly denied the branch of defendant Morrison’s motion seeking summary judgment with respect to his fourth counterclaim, and, upon searching the record, sua sponte granted summary judgment to plaintiff dismissing the fourth counterclaim.
With respect to defendant Morrison’s assertion that the City Court erred in denying his request for sanctions against plaintiff’s counsel, we note that defendant Morrison never formally moved pursuant to CPLR 2214 for such relief (see Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1 [d]) and, in any event, sanctions against plaintiffs counsel were not warranted under the circumstances presented.
Accordingly, the appeal by defendant Morrison from the order dated February 28, 2011, and so much of the appeal from the order dated September 22, 2011 as is from the portion thereof which denied defendant Morrison’s motion for summary judgment on his first counterclaim, are dismissed as moot, and the order dated September 22, 2011, insofar as reviewed, is affirmed.
Tolbert, J.R, Nicolai and Iannacci, JJ., concur.