■ SOFIA MILOSLAVSKAYA et al., Respondents, v MARAT GOKHBERG et al., Appellants. [5 NYS3d 205]—

In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 10, 2013, which granted the plaintiffs' motion for summary judgment on the amended complaint and directed the defendants to return the down payment to the plaintiffs.

Ordered that order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment on the amended complaint is denied, and, upon searching the record, summary judgment is awarded to the defendants dismissing the amended complaint.

The plaintiffs entered into a contract for the purchase of real property from the defendants Marat Gokhberg and Yury Gokhberg. In accordance with the contract, the plaintiffs made a $32,250 down payment to the Gokhbergs' attorney as

escrowee. The contract provided that the plaintiffs' obligations were conditioned upon them obtaining financing and, in the event that they were unable to timely secure financing, the plaintiffs had the right to cancel the contract and request the return of the down payment. The contract required the plaintiffs to pursue a mortgage application with diligence and to cooperate in good faith with institutional lenders.

The plaintiffs commenced this action, inter alia, to recover the down payment and moved for summary judgment on the amended complaint. The Supreme Court granted the plaintiffs' motion and directed the defendants to return the down payment to the plaintiffs.

Contrary to the Supreme Court's determination, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In support of their motion, the plaintiffs failed to submit any alleged applications for financing, any alleged notices rejecting such applications for financing, or even their own affidavits explaining their efforts to obtain financing. Thus, the plaintiffs failed to establish, prima facie, that they made a good faith effort to secure financing (see 2 Old, LLC v Mayer, 90 AD3d 911 [2011]; Maor v Seamon, 79 AD3d 1105 [2010]; Samson v Sapphire Capital, Inc., 74 AD3d 1172, 1173 [2010]).

Since the plaintiffs failed to establish, prima facie, that they made a good faith effort to secure financing, the Supreme Court should have denied their motion, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Furthermore, the record contains evidence submitted by the defendants, including affidavits from loan officers, which demonstrates that the plaintiffs did not make a good faith effort to secure financing, and are thus not entitled to the return of the down payment. Accordingly, we award summary judgment to the defendants dismissing the amended complaint pursuant to our authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (see CPLR 3212 [b]; Dunham v Hilco Constr. Co., 89 NY2d 425, 430 [1996]; cf. Blair v O'Donnell, 85 AD3d 954, 956-957 [2011]). Rivera, J.P., Hall, Austin and Roman, JJ., concur.