Doony, Inc. v Palmiotto (2019 NY Slip Op 02065)





Doony, Inc. v Palmiotto


2019 NY Slip Op 02065


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-08008
 (Index No. 51288/18)

[*1]Doony, Inc., appellant, 
v
Mark Palmiotto, et al., respondents.


Eileen West, Pleasantville, NY, for appellant.
Del Vecchio & Pacor, Inc., Thornwood, NY (John J. Pacor of counsel), for respondents.



DECISION & ORDER
In an action to recover a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated June 18, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 23, 2017, the plaintiff entered into a contract to purchase real property from the defendant Mark Palmiotto (hereinafter the seller) for $435,000 and, upon execution of the contract, it tendered a down payment of $43,500. Pursuant to the contract, the plaintiff was required to promptly apply to one or more institutional lenders for a mortgage loan in the amount of $391,500. The plaintiff's obligations to complete the sale were contingent upon the issuance of a commitment from an institutional lender on or before 30 days from receipt by its attorney of a fully executed contract (hereinafter the commitment date). The contract of sale expressly provided that "a commitment conditioned on the Institutional Lender's approval of an appraisal shall not be deemed a Commitment' hereunder until an appraisal is approved."
On August 7, 2017, the plaintiff obtained a commitment from a lender conditioned upon an appraisal showing an "as is" fair market value of the property of not less than $435,000. The appraisal, which was performed on August 18, 2017, and issued on August 31, 2017, valued the premises at $395,000. As a result, the plaintiff asserted that no commitment as defined by the contract had been issued, and demanded the return of its down payment, but the defendants refused to return the funds. In January 2018, the plaintiff commenced this action to recover its down payment, and after joinder of issue but prior to discovery, moved, inter alia, for summary judgment on the complaint. As relevant here, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the complaint.
The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320; Samson v Sapphire Capital, Inc., 74 AD3d 1172). In her supporting affidavit, the plaintiff's principal conceded that the plaintiff delayed in filing an [*2]application for a mortgage loan, and she failed to state when the plaintiff applied and the number of institutional lenders to which application was made. Moreover, the plaintiff failed to set forth the date on which its attorney received the fully executed contract, thereby rendering it impossible to ascertain if the lender's denial was timely, so as to trigger the plaintiff's right to cancel. Under such circumstances, the plaintiff failed to eliminate all triable issues of fact as to whether, inter alia, it made a prompt application for a mortgage loan and whether it properly cancelled the contract (see Dazzo v Kilcullen, 127 AD3d 1126, 1128; Hsieh v Pravder, 106 AD3d 694, 695; Samson v Sapphire Capital, Inc., 74 AD3d at 1173). Since the plaintiff failed to meet its prima facie burden, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Miloslavskaya v Gokhberg, 126 AD3d 678, 679).
Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the complaint.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court