■ BANK OF BARODA, Respondent-Appellant, v JAGADISH B. GARG et al., Appellants-Respondents. (And Another Action.) [669 NYS2d 43] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered November 19, 1996, dismissing plaintiff mortgagee's complaint, and bringing up for review a prior order, dated October 10, 1996 and entered on or about October 21, 1996, which, in an action for a deficiency judgment, *inter alia*, granted defendant guarantors' motion for summary judgment dismissing the complaint, and also bringing up for review a subsequent order, entered January 30, 1997, which, *inter alia*, resettled the prior order so as to grant plaintiff's cross motion for summary judgment to the extent of dismissing defendants' counterclaims, unanimously modified, on the law, to dismiss defendants' counterclaims in conformity with the subsequent order, and otherwise affirmed, without costs. The appeals from the above orders unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The judgment of foreclosure obtained by plaintiff in Albany County Supreme Court stated that plaintiff could recover of defendants "the whole deficiency, or so much thereof as the Court may determine to be just and equitable", remaining af-

ter the foreclosure sale, "provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within the time limit prescribed therein, and the amount thereof is determined and awarded by an order of this Court [as prescribed therein]". Such language is standard and does no more than implement the statutory purpose of proscribing separate actions to recover a deficiency without leave of the court (*Sanders v Palmer*, 68 NY2d 180, 185). The judgment of foreclosure cannot be interpreted to mean that plaintiff was granted leave by the Albany County Court to bring a separate action on the deficiency, let alone one in another county and beyond the 90-day limit prescribed in RPAPL 1371 (2) (*cf., Irving Trust Co. v Seltzer*, 265 App Div 696, 699-700). Nor is there any basis for inferring authority in a Justice sitting in New York County to amend the Albany County judgment of foreclosure nunc pro tunc so as to permit such a separate action (*cf., Security Pac. Mtge. & Real Estate Servs. v Herald Ctr.*, 731 F Supp 605, 607-609). Concerning defendants' counterclaims for various torts, those based on plaintiff's refusal to approve assumption of the note and mortgage by prospective purchasers are without merit since plaintiff had the right to so refuse under the mortgage and note, and the remainder of the counterclaims were properly dismissed for insufficiency. Concerning the motion court's recall of its October 21, 1996 order and replacement thereof with the order entered January 30, 1997, as indicated above, we deem such to have been a proper exercise of the court's power to correct its inadvertent oversight of plaintiff's cross motion to dismiss defendants' counterclaims (CPLR 5019 [a]). We have considered the parties' other arguments for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.