Matter of Novofastovsky (2022 NY Slip Op 00817)





Matter of Novofastovsky


2022 NY Slip Op 00817


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,J.P.,
Sallie Manzanet-Daniels
Angela M. Mazzarelli
Peter H. Moulton
Bahaati E. Pitt, JJ.


Motion No. 2021-03974 Case No. 2018-00325 

[*1]In the Matter of Ilya Novofastovsky, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ilya Novofastovsky, (OCA Atty. Reg. No. 4179263) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on November 19, 2003.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Vitaly Lipkansky, of counsel), for petitioner.
J. Richard Supple, Esq., for respondent.



Per Curiam 


Respondent Ilya Novofastovsky was admitted to the practice of law in the State of New York by the Second Judicial Department on November 19, 2003. At all times relevant to this proceeding, he maintained a law office within the First Judicial Department.
On August 30, 2018, this Court suspended respondent from the practice of law based upon his failure to comply with the Attorney Grievance Committee's (AGC) investigative requests that he answer a complaint and provide his escrow account ledger (M-1127). In November 2019, based on evidence found in a file belatedly produced by his former counsel, respondent moved for an order vacating the interim suspension order on the grounds that his failure to cooperate with the AGC was the result of the conduct of his former counsel, who, unbeknownst to respondent, failed to respond to the AGC's interim suspension motion and investigative demands. The AGC, which confirmed that respondent had fully cooperated with its investigative demands, did not oppose his reinstatement. By December 3, 2019 order, the Court vacated the interim suspension order and reinstated respondent to the practice of law, effective nunc pro tunc to August 30, 2018 (M-7578).
In August 2021, the AGC filed a petition of charges alleging that respondent negligently misappropriated escrow funds and failed to maintain required bookkeeping records. The parties now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR § 1240.8(a)(5)) for discipline by consent and ask this Court to publicly censure respondent. In support, the parties have filed a joint affirmation containing a statement of facts, conditional admissions of professional misconduct, factors in mitigation, and agreed upon discipline, as well as respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of his consent.
The following facts are taken from the parties' joint affirmation: In or about 2007, respondent opened his own law firm and, at all relevant times, was his firm's sole principal and sole authorized signatory for the firm's escrow account. From the inception of his law firm, respondent did not maintain a master ledger detailing transactions in the firm's escrow account. Rather, he maintained records on a client-by-client basis without contemporaneously reconciling all transactions in the escrow account.
At the AGC's request, respondent reviewed his escrow account records and ex post facto prepared a master ledger. The AGC's investigative accountant reviewed respondent's ledger, separately analyzed his escrow account records, and created a ledger based on that analysis. The analysis showed that, at its lowest point, respondent's escrow account had a balance of $77,170.05 when it should have been $176,[*2]306.15, thereby evidencing a $99,136.10 shortfall in client funds.
The $99,136.10 shortfall in the firm's escrow account cannot be explained except as an unintentional, temporary misappropriation of client funds, which was the direct result of respondent's negligent failure to maintain a contemporaneous master ledger. No client was deprived of funds or suffered a delay in receiving funds.
Respondent admits that his actions, as set forth above, violated the five charges alleged in the petition of charges. Respondent admits he: violated New York's Rules of Professional Conduct (22 NYCRR 1200.00) rule 1.15(a) by negligently misappropriating funds in the firm's escrow account; violated rules 1.15(d)(1)(i), 1.15(d)(1)(ii), and 1.15(d)(2) by failing to maintain a ledger or similar record of disbursements and deposits for his law firm's escrow account; and violated rule 8.4(h) by engaging in conduct that adversely reflects on his fitness as a lawyer based on the misconduct described above.
The parties maintain that there are no aggravating factors and stipulated to the following mitigating factors: respondent's misconduct did not adversely impact clients or third parties; all clients or third parties timely received the funds due to them and no payments were ever dishonored; respondent's rules violations were negligent and not venal; respondent has never been disciplined other than the vacated interim suspension previously discussed; respondent has an excellent reputation in his community for his legal abilities and his honesty and integrity; respondent is remorseful and has taken remedial measures, including attending CLE classes on escrow management and accounting to ensure his familiarity with the rules; and respondent fully cooperated, or intended to fully cooperate, with the AGC at all times.
Finally, respondent suffered a substantial undeserved public suspension of his law license because of the actions and omissions of his former counsel (the Court rectified this issue once the relevant facts of his former counsel's nonfeasance became known). This suspension caused his law firm to be closed for approximately one and a half years, numerous employees had to be let go, clients were forced to engage new attorneys, and respondent suffered significant undeserved reputational harm and substantial loss of personal income.
The parties agree that a public censure is the appropriate sanction based on our precedent (see e.g. Matter of Fortuna, 190 AD3d 70 [1st Dept 2020]; Matter of Guillorn, 114 AD3d 134 [1st Dept 2013]; Matter of Rosenberg, 109 AD3d 225 [1st Dept 2013]; Matter of Francis, 78 AD3d 106 [1st Dept 2010]; Matter of Fisher, 43 AD3d 173 [1st Dept 2007]). The parties argue that respondent's case is similar to those of the attorneys in our precedents in that: he "negligently misappropriated escrow funds due to a failure to engage in proper bookkeeping practices for his escrow account because of poor judgment rather than dishonesty"; he "has expressed [*3]remorse and has undertaken to make certain that his improper recordkeeping practices will not be repeated"; and "while [his] conduct created the potential for harm to clients and third parties whose funds he held in trust, no one was damaged as a result of his improper bookkeeping practices."
The parties acknowledge that there have been instances where attorneys who have committed nonvenal misappropriation have been suspended (see Matter of Spinell,185 AD3d 1 [1st Dept 2020]; Matter of Racer, 56 AD3d 125, 128-129 [1st Dept 2008]) but they argue "that such decisional authority is inapposite to the facts of this matter". They argue further that "in view of the mitigating factors [previously discussed] . . . respondent should be publicly censured, which sanction would be in line with this Court's long-standing precedent in such cases".
In light of respondent's admitted misconduct, the mitigating factors presented, and long-standing precedent, we grant the parties' motion and impose a public censure.
Accordingly, the motion for discipline by consent should be granted and respondent is publicly censured, and the petition of charges is denied as moot.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Ilya Novofastovsky is hereby publicly censured for his misconduct, and
It is further ordered that the Attorney Grievance Committee for the First Judicial Department's separately filed petition of charge is denied as moot.
Entered: February 8, 2022