## Justicebacker Inc. v Abeles

### 2024 NY Slip Op 32316(U)

### July 8, 2024

### Supreme Court, New York County

### Docket Number: Index No. 650374/2017

### Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DAVID B. COHEN**                    PART   58

*Justice*

----------------------------------------------------------------------------X

JUSTICEBACKER INC. D/B/A JUSTICEBACKER.COM, JS BARKATS PLLC, and LAW OFFICES OF MICHAEL B. WOLK, P.C.,

INDEX NO.          650374/2017

MOTION SEQ. NO.   008 009 010

Plaintiffs,

- v -

ALEJANDRO ABELES,

**DECISION + ORDER ON MOTION**

Defendant.

----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 207, 208, 209, 218, 220, 222

were read on this motion to/for          RESETTLE ORDER          .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 212, 213, 219, 221, 223, 224

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

The following e-filed documents, listed by NYSCEF document number (Motion 010) 214, 215, 216, 217, 225

were read on this motion to/for          SANCTIONS          .

In this breach of contract action, Michael B. Wolk, Esq.[1] moves (Seq. 008), pursuant to CPLR 5019, for an amended order correcting alleged errors in this Court's decision and order dated December 12, 2023. Wolk also moves (Seq. 009), pursuant to CPLR 5015(a)(4), to vacate this Court's decisions and orders dated December 22, 2020, December 1, 2021, and December 12, 2023. Defendant moves (Seq. 010), pursuant to Judiciary Law §§ 773-774 and 22 NYCRR 130-1.1, for an award of costs and sanctions against Wolk.

---

[1] Wolk is the sole practitioner for Law Offices of Michael B. Wolk, P.C., which was a plaintiff in this action. For ease of understanding, Wolk will be used to reference both the firm and Michael B. Wolk, Esq. individually.

**650374/2017  JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**                    **Page 1 of 14**
  Motion No.  008 009 010

1 of 14

## I. Factual and Procedural Background

This action arises out of defendant's involvement with four other actions between 2013 and 2016 (Doc No. 1). In those four actions, defendant was represented by either Wolk or plaintiff JS Barkats PLLC. To obtain financing that would allow him to continue pursuing the four actions, defendant entered into a litigation funding agreement with plaintiff Justicebacker Inc. in 2015. In 2016, defendant entered into a global settlement agreement resolving the four actions. As part of the settlement agreement, Wolk agreed to hold the proceeds of the agreement and serve as the escrow agent.

Justicebacker, JS Barkats, and Wolk then commenced this action against defendant in January 2017, alleging, among other things, claims of breach of contract and quantum meruit for unpaid legal fees (Doc No. 1). At that time, Wolk had not dispensed any funds contained in the escrow account. Defendant joined issue by his answer dated February 16, 2017, denying all substantive allegations of wrongdoing and asserting various affirmative defenses and counterclaims (Doc No. 2). Defendant subsequently commenced a third-party action against Wolk and third-party defendant Sanny Barkats in their individual capacities (Doc No. 5). Shortly thereafter, plaintiff and Wolk entered into a stipulation of discontinuance discontinuing any claims or counterclaims between the parties (Doc. No. 6).

In February 2020, Justicebacker moved for summary judgment against defendant on its breach of contract claims (Doc No. 53). Defendant opposed the motion and cross-moved for summary judgment against Justicebacker, JS Barkats, and Barkats (Doc Nos. 61, 84). By decision and order entered December 22, 2020, Justicebacker's motion was denied and plaintiff's cross-motion was granted (Doc No. 90). The order directed that "any and all monies held in any escrow pending the outcome of this action shall be tendered forthwith to defendant" (Doc No. 90).

**650374/2017   JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No.  008 009 010**

**Page 2 of 14**

2 of 14

Approximately three months later, defendant moved to compel Wolk, as the escrow agent, to dispense the funds in the escrow account (Doc No. 91), which Wolk opposed (Doc No. 99). By decision and order entered December 1, 2021, defendant's motion was granted and Wolk was directed to "turn over all monies that were held pending the outcome of this action to defendant" within 30 days (Doc No. 107). The order also provided that defendant could move to hold Wolk in civil contempt if Wolk failed to dispense the funds within the 30-day timeframe (Doc No. 107).

After failing to receive the monies within the required timeframe, defendant moved by order to show cause (Seq. 006) in January 2022 seeking to hold Wolk in civil contempt for failing to dispense the funds (Doc No. 112). While the order to show cause was pending, Wolk attempted to remove the action to federal court (Doc No. 122). Shortly thereafter, the case was remanded from federal court to this Court after it was determined that the action was not removable and the federal court lacked jurisdiction over it (Doc No. 139). Wolk also commenced a separate, declaratory judgment action in September 2023 in Supreme Court, New York County, bearing index number 654344/2023, seeking, among other things, to obtain an order declaring that the December 2021 order was void (Doc No. 191).

Oral argument on motion sequence 006 occurred on December 12, 2023 (Doc No. 209). Defendant argued that Wolk had willfully violated the December 2020 and December 2021 orders by failing to timely dispense the escrow funds. Wolk maintained in opposition, among other things, that this Court lacked subject matter jurisdiction to decide the contempt motion based on the stipulation of discontinuance from 2017. At the close of oral argument, this Court concluded and ruled that it possessed subject matter jurisdiction over the escrow funds and placed its' findings on the record. The Court found "that [Wolk,] as escrowee of funds at issue in the case[,] . . . failed to comply with two lawful court orders, one in December 2020 and one in December 2021,

**650374/2017   JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No.  008 009 010**

**Page 3 of 14**

3 of 14

[* 3]

ordering and directing that all monies held in his escrow pending the outcome of this action be turned over to [defendant]. And that [w]as not . . . done. And for that willful violation of [the Court's] order, [This Court] find[s] [Wolk] in contempt of this Court's lawful orders" (Doc No. 209 at 29). To purge the contempt, Wolk was given until noon on December 15, 2023, to provide defendant with the funds. Defendant was also allowed to bring a motion for sanctions in the event Wolk failed to timely dispense the funds.

Wolk now moves (Seq. 008) to have the December 2023 order amended to reference various documents filed on NYSCEF that were not expressly listed in the order (Doc No. 207), which defendant opposes (Doc No. 220). Wolk also moves (Seq. 009) to vacate the December 2020, December 2021, and December 2023 orders because this Court lacked subject matter jurisdiction over the matter and personal jurisdiction over him as a party, which defendant also opposes (Doc No. 221). Defendant moves (Seq. 010) for costs and sanctions against Wolk for his failure to timely purge his contempt (Doc No. 214), which Wolk opposes (Doc No. 225).

## II. Legal Analysis & Conclusions

### A. Wolk's Motion for Correction Pursuant to CPLR 5019

Pursuant to CPLR 5019, courts "have the discretion to cure mistakes, defects[,] and irregularities that do not affect substantial rights of parties" (*Kiker v Nassau County*, 85 NY2d 879, 881 [1995]; *see Betts v Tsitiridis*, 171 AD3d 573, 573 [1st Dept 2019]). Yet, Wolk has not identified any error in the December 2023 order. First, he contends that the order should have referenced NYSCEF Doc Nos. 122-141, 144-151, and 168-183, which related to his attempt to remove this action to federal court, a subsequent appeal of the federal court's decision to remand the action to this Court, and motion sequence 007. However, none of those document were filed

**650374/2017 JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No. 008 009 010**

**Page 4 of 14**

[* 4]

4 of 14

in support of, or in opposition to, motion sequence 006, meaning the Court was not required to consider them in deciding the merits of that motion.

Second, he contends that the order should have listed NYSCEF Doc Nos. 200-205 as documents read in deciding motion sequence 006. However, those five documents were filed on NYSCEF several days after the Court heard oral argument on the motion and issued the December 2023 order, and thus, those filings did not exist when the order was issued. Therefore, Wolk fails to demonstrate that there was an error in the December 2023 order (*cf. Woolfalk v New York City Hous. Auth.*, 36 AD3d 444, 444-445 [1st Dept 2007] [amending amount of award identified in judgment because it contained a calculation error]; *Bank of Baroda v Garg*, 247 AD2d 312, 313 [1st Dept 1998] [holding court properly exercised discretion in amending order to reference cross-motion inadvertently omitted]).

## B.  Wolk's Motion to Vacate for Lack of Jurisdiction Pursuant to CPLR 5015(a)(4)

### 1.  Wolk's Subject Matter Contentions

Wolk's contentions regarding subject matter jurisdiction all turn on his status as a party to this action. He argues that the stipulation of discontinuance altered his status from a party to a nonparty, thereby stripping this Court of subject matter jurisdiction over motion sequences 004, 005, and 006.

With respect to his contention that this Court lacked subject matter jurisdiction over motion sequence 004, his contention is unavailing. "A motion must be addressed to a pending action" (*Urso v Panish*, 94 AD2d 701, 702 [2d Dept 1983] [citations omitted]; *accord Beneficial Homeowner Serv. Corp. v Francis*, 209 AD3d 957, 959 [2d Dept 2022]). Motion sequence 004 was addressed to a pending action. The motion was brought by Justicebacker seeking summary judgment against defendant, and defendant cross-moved for the same relief as against

**650374/2017   JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No.  008 009 010**

**Page 5 of 14**

[* 5]

5 of 14

Justicebacker. When the motion and cross-motion were made, the claims and counterclaims at issue remained a live controversy, the 2017 stipulation of discontinuance only affected the claims and counterclaims between Wolk and defendant. Thus, this Court retained subject matter jurisdiction over that motion.

Regarding his contentions that this Court lacked subject matter jurisdiction over motion sequences 005 and 006, his contentions are similarly unavailing. Since the start of this litigation, the Court has had subject matter jurisdiction over the funds in the escrow account. Such funds were placed firmly in dispute when plaintiffs commenced this action seeking to be paid out of the account, and they were still in dispute when Justicebacker moved for summary judgment as a matter of law (*see Washington Tit. Ins. Co. v Streamline Agency Inc.*, 26 Misc 3d 1214[A], 2010 NY Slip Op 50099[U], \*7 [Sup Ct, Nassau County 2010, Driscoll, J.] [concluding Court had subject matter jurisdiction over action involving disputed funds in an escrow account]).

Prior to the partial stipulation of discontinuance, Wolk essentially wore three hats—one in his capacity as the representative of his sole practitioner law firm, one in his individual capacity, and one in his capacity as escrow agent to the disputed escrow account. The stipulation only altered his status as a plaintiff and a third-party defendant, it contained no mention of his status as escrow agent and had no impact on the escrow account. Thus, although he no longer wore the hats in his individual and law firm representative capacities, he still wore the hat in his capacity as escrow agent. Therefore, the funds in the escrow account remained the subject of this action and he remained a party to this action in his capacity as escrow agent.

Wolk cites *Riccio v Kukaj*, 219 AD3d 1540 (2d Dept 2023), for the proposition that a Court lacks subject matter jurisdiction over a motion against a party once the action has been discontinued against it by a stipulation of discontinuance. Thus, according to Wolk, this Court

650374/2017  JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO
Motion No.  008 009 010

Page 6 of 14

had no power to decide defendant's motion to compel him to dispense the escrow funds to defendant or to decide defendant's motion to hold him in contempt for failing to do so. However, there are two key, distinguishing features present in this case that were not involved in *Riccio* and the other authority cited by Wolk; this action involves a partial discontinuance and a disputed escrow fund (*see e.g.*, *Teitelbaum Holdings v Gold*, 48 NY2d 51, 54 [1979] [all parties entered stipulation of discontinuance discontinuing breach of contract action]; *VNB N.Y. LLC v Maidi*, 159 AD3d 556, 556-557 [1st Dept 2018] [similar]).

It is well-established that an escrow agent "is a proper party to [a] lawsuit so that he [or she] will be amenable to the judgment to be rendered . . . with respect to the disposition of the escrow funds" (*Pomeranz v Dineen*, 114 AD2d 944, 945 [2d Dept 1985]; *see Takayama v Schaefer*, 240 AD2d 21, 25 [2d Dept 1998]; *Zwirn v Goodman*, 206 AD2d 360, 362 [2d Dept 1994]; *BTS, Inc. v Webny Corp.*, 157 AD2d 638, 640 [2d Dept 1990]). This "insures that any judgment can be subject to prompt enforcement, without the need for further litigation" (*88 Blue Corp. v Staten Bldrs. Co.*, 176 AD2d 536, 538 [1st Dept 1991] [finding court erred in dismissing complaint against defendant escrow agent because it had "no basis to complain" about remaining a party to the action in its capacity as escrow agent after failing to deposit funds with court to remove itself of its escrow obligations]; *see R.A.J.N. Corp. v Mizrachi*, 190 AD2d 641, 642 [1st Dept 1993] [holding escrow agent "should remain party to the action if only to ease enforcement of any final judgment favorable to plaintiff"]).

Stepping back to view the totality of this action, this conclusion follows logically. Defendant settled a number of lawsuits, and the settlement proceeds were placed into an escrow account. Plaintiffs commenced this action against him, bringing him into court seeking to obtain some or all of those funds before defendant himself received them. Defendant joined issue,

**650374/2017   JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No.  008 009 010**

**Page 7 of 14**

7 of 14

asserted counterclaims, engaged in discovery, survived Justicebacker's request for summary judgment, and even obtained summary judgment in his favor. He expended considerable effort to obtain a finding that he was entitled to all of the funds in the escrow account and an order so directing.

Concluding that Wolk, as the escrow agent, was not part of this action is diametrically opposed to that goal of ensuring prompt enforcement and avoiding additional litigation. To adopt Wolk's position would force defendant to expend substantial additional resources to commence an entirely new action, proceed through discovery, and participate in dispositive motion practice; solely to obtain a decision reestablishing what this Court determined in the December 2020 order—that defendant was entitled to the funds in the escrow account and Wolk was directed to dispense such funds to him.

This Court was never stripped of subject matter jurisdiction over the escrow account. Therefore, it also possessed subject matter jurisdiction over the escrow agent, Wolk, and defendant's motions to compel and hold Wolk in contempt.

To the extent that Wolk argues that this Court lacked the power to hold him in contempt for failing to comply with the December 2020 and December 2021 orders, his contention is without merit. The plain language of Judiciary Law § 753 grants courts discretion to hold a party in contempt for failing to comply with an order and courts have found parties in contempt for failing to comply with summary judgment orders (*see e.g.*, *Hush v Taylor*, 121 AD3d 1363, 1366 [3d Dept 2014] [affirming Supreme Court decision to hold defendants in contempt after they failed to avoid interfering with plaintiffs' use of boat dock]).

**650374/2017 JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No. 008 009 010**

**Page 8 of 14**

8 of 14

### 2. Wolk's Personal Jurisdiction Contentions

It is axiomatic that "[a] party is deemed to consent to the jurisdiction of New York courts by filing suit in New York" (Mitchell A. Lowenthal & Boaz S. Morag, Commercial Litigation in New York State Courts § 2:30 [5th ed, 2 West's NY Prac Series, Oct. 2023 update]). Therefore, this Court obtained personal jurisdiction over Wolk when he commenced this action in 2017. In any event, Wolk effectively conceded at oral argument on motion sequence 006 that he consented to personal jurisdiction by commencing this action (Doc No. 209 at 13-14).[2]

### C. Defendant's Motion for Sanctions

Defendant contends that Wolk should be fined $10,000 because he failed to purge his contempt by dispensing the funds in the escrow account by December 15, 2023. Defendant also argues that he is entitled to roughly $42,000 in attorneys' fees as a result of Wolk's misconduct. In opposition, Wolk reiterates his jurisdictional arguments that this Court lacked subject matter and personal jurisdiction. He also maintains that sanctions are inappropriate because defendant's motion failed to comply with the requirements of Judiciary Law § 756.

"The courts' administrative rules permit many courts, in the exercise of discretion, to award fees and costs and to impose sanctions for frivolous conduct" (*Engel v CBS, Inc.*, 93 NY2d 195, 203 [1999] [citations omitted]). Frivolous conduct is defined as, among other things, conduct "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]; *see Matter of Minister, Elders & Deacons*

---

[2] The personal jurisdiction discussion proceeded as follows:
"THE COURT: You consented to the jurisdiction of this court by bringing claims in this case initially; did you not?
MR. WOLK: Correct. That is correct.
. . .
THE COURT: Is this a subject matter jurisdiction or a personal jurisdiction issue? Because personal jurisdiction's clearly waived, right? . . .
MR. WOLK: My argument is focused on subject matter jurisdiction . . . ." (Doc No. 209 at 13-15).

**650374/2017   JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**                    **Page 9 of 14**
**Motion No.  008 009 010**

*of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway*, 76 NY2d 411, 414 [1990] [hereinafter *Matter of Minister, Elders & Deacons*]).

In determining whether Wolk's conduct was frivolous, it is necessary to understand "'the circumstances under which the conduct took place'" (*Matter of Minister, Elders & Deacons*, 76 NY2d at 414, quoting 22 NYCRR 130-1.1 [c]). Although the procedural history of this action has been well-documented above, it bears repeating to demonstrate that the history is replete with instances of Wolk's dilatory tactics. Despite two court orders directing him to dispense the funds in the escrow account to defendant, which should have been sufficient for him to fulfill his duties as escrow agent, he failed to do so. Only once defendant sought to hold him in contempt for those failures did he make a meritless attempt to remove the action to federal court. After being swiftly remanded to this Court, he commenced a separate, meritless action in state court in an attempt to avoid complying with the orders from December 2020 and December 2021. Further, after being found in contempt, he was given clear instructions on how to purge that contempt by dispensing the funds to an account in the name of defendant's counsel—funds which should have been in the escrow account throughout this litigation.

Despite those clear instructions, he failed to dispense the funds. Viewing all of this collectively, it is clear that Wolk had an "obvious motive" to delay dispensing the escrow funds (*Matter of Minister, Elders & Deacons*, 76 NY2d at 415), and his failure to purge the contempt was "part of his relentless campaign to prolong this litigation" (*Heilbut v Heilbut*, 18 AD3d 1, 8-9 [1st Dept 2005]). Therefore, his conduct was frivolous (*see Matter of Minister, Elders & Deacons*, 76 NY2d at 414-415 [holding conduct frivolous where party filed multiple motions that "were so lacking in factual or legal merit as to demonstrate an intention to use the courts not as a means of resolving a genuine legal dispute but rather as a mechanism to delay respondent's inevitable

**650374/2017   JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No.  008 009 010**

**Page 10 of 14**

10 of 14

[* 10]

eviction"]; *Heilbut*, 18 AD3d at 9-10 [finding defendant's appeal of order constituted frivolous conduct because it was done to delay "his obligations under the equitable distribution order" and he "persisted in this campaign despite numerous court warnings to cease his delaying tactics"]; *Ireland v Wilenzik*, 296 AD2d 771, 774 [3d Dept 2022] [affirming finding that party engaged in frivolous conduct by "persistent attempts to pursue unmeritorious litigation" (internal quotation marks omitted)]).

Pursuant to 22 NYCRR 130-1.2, this Court may award costs or impose sanctions. Here, based on Wolk's frivolous conduct, defendant is entitled to costs and reasonable attorney's fees (*see Heilbut*, 18 AD3d at 9 [awarding plaintiff costs and fees after finding defendant engaged in frivolous conduct]). Imposition of a sanction in the amount of $10,000 is also warranted, to deter Wolk from engaging in further frivolous conduct in connection with this litigation and because defendant has been unfairly deprived of the funds in the escrow account for several years (*see id.* at 9 [imposing a sanction of $10,000 for frivolous conduct]; *Matter of Minister, Elders & Deacons*, 76 NY2d at 415 [imposing sanction to deter future frivolous conduct and account for deprivations suffered by opposing party]).

In furtherance of these sanctions, defendant is awarded a money judgment against Wolk for the $75,000 in the escrow account, which he has refused to tender, plus the reasonable attorney's fees of $42,550 defendant expended combating Wolk's frivolous tactics. A court may award a money judgment as a sanction imposed pursuant to CPLR 3126 or as a fine for a party's contempt of court (*see Matter of Groton Community Health Care Ctr., Inc. v Bevier*, 144 AD3d 1553, 1554 [4th Dept 2016] [affirming order awarding petitioner money judgment because respondent disregarded two prior orders compelling him to provide an accounting of his financial dealings]). Given the "circumstances of this case," a grant of monetary relief is "appropriate" (*id.*).

**650374/2017   JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No.  008 009 010**

**Page 11 of 14**

11 of 14

[* 11]

This Court is also obligated to report Wolk to the Attorney Grievance Committee pursuant to Ethics Opinion 24-35. "[A] judge who has information indicating a substantial likelihood that a lawyer has a committed a substantial violation of the Rules of Professional Conduct must take appropriate action" by reporting it to a disciplinary authority (Advisory Comm on Jud Ethics Op 24-35 [2024] [internal quotation marks and citations omitted]).

Here, there is a substantial likelihood that Wolk violated the Rules of Professional Conduct in two distinct ways. First, based on this Court's finding of contempt against Wolk and his failure to purge that contempt, there is a substantial likelihood that he "engage[d] in conduct that is prejudicial to the administration of justice" (Rules of Prof Conduct [22 NYCRR 1200.00] rule 8.4 [d]; *see Matter of Barry*, 198 AD3d 1255, 1258 [3d Dept 2021]). Second, his repeated failures to dispense the escrow funds in violation of multiple court orders, his frivolous attempt to remove this action to federal court, and the resulting yearslong delay in the resolution of this litigation creates a strong inference that such funds may no longer be available, meaning there is a substantial likelihood that he "negligently misappropriate[ed] funds" in the escrow account and "engaged in conduct that adversely reflects on his fitness as a lawyer" (*Matter of Novofastovsky*, 204 AD3d 15, 17 [1st Dept 2022]; *see* Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.15 [a]; 8.4 [b]). Therefore, he must be reported to the Attorney Grievance Committee (*see id.* [concluding that "[a] judge who determines there is a substantial likelihood that an attorney failed to maintain client funds in an escrow account must report the conduct to a disciplinary authority"]).

The parties' remaining contentions are either without merit or need not be addressed given the findings above.

**650374/2017   JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No.  008 009 010**

**Page 12 of 14**

Accordingly, it is hereby:

ORDERED that the motion (Seq. 008) by Michael B. Wolk, Esq. for correction of the decision and order dated December 12, 2023, pursuant to CPLR 5019 is denied; and it is further

ORDERED that the motion (Seq. 009) by Michael B. Wolk, Esq. to vacate this Court's orders dated December 22, 2020, December 1, 2021, and December 21, 2023, is denied; and it is further

ORDERED that the branch of motion (Seq. 010) by defendant Alejandro Abeles for sanctions is granted and Michael B. Wolk, Esq. is hereby sanctioned by this Court in the amount of $10,000 and shall deposit said amount with the Lawyer's Fund for Client Protection, 119 Washington Avenue, Albany, New York 12210; and it is further

ORDERED that written proof of the payment of this sanction be provided to the Clerk of Part 58 and opposing counsel within 30 days after service of a copy of this order with notice of entry; and it is further

ORDERED that, in the event that such proof of payment is not provided in a timely manner, the Clerk of the Court, upon service upon him of a copy of this order with notice of entry and an affirmation or affidavit reciting the fact of such non-payment, shall enter a judgment in favor of the Lawyer's Fund and against Michael B. Wolk, Esq. in the aforesaid sum; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the Part be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)]; and it is further

ORDERED that, in accordance with Section 130-1.3, a copy of this order will be sent by this Court to the Lawyer's Fund for Client Protection; and it is further

**650374/2017   JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No.  008 009 010**

**Page 13 of 14**

13 of 14

[* 13]

ORDERED that the branch of the motion (Seq. 010) by defendant Alejandro Abeles for costs is granted and Michael Wolk, Esq. shall reimburse defendant for actual expenses reasonably incurred and reasonable counsel fees in the total amount of $42,550 within 30 days after service of a copy of this order with notice of entry; and it is further

ORDERED that payment of these costs shall be delivered to counsel for defendant and written proof of such payment shall be provided to the Clerk of Part 58 within 30 days after service of a copy of this order with notice of entry; and it is further

ORDERED that, in the event that timely payment is not made, the Clerk of the Court, upon service upon him of a copy of this order with notice of entry and an affirmation or affidavit reciting the fact of such non-payment, shall enter a judgment in favor of the defendant and against Michael B. Wolk, Esq. in the amount of $117,550, less any partial payments made; and it is further

ORDERED that proof of payment shall be provided to the Clerk of Part 58 and the Clerk of the Court and that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

| | | |
|---|---|---|
| **7/8/2024** | | |
| **DATE** | | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650374/2017   JUSTICEBACKER INC. D/B/A vs. ABELES, ALEJANDRO**
**Motion No.  008 009 010**

**Page 14 of 14**

14 of 14