Matter of Rajan (2026 NY Slip Op 00018)

Matter of Rajan

2026 NY Slip Op 00018

Decided on January 06, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Motion No. 2025-05346|Case No. 2025-05955|

[*1]In the Matter of Paul R. Rajan, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Paul R. Rajan (OCA Atty. Reg. No. 1733278), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Paul R. Rajan, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 7, 1981.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Eric Sun, of counsel), for petitioner.
Respondent, pro se.

Per Curiam. 

Respondent Paul R. Rajan was admitted to the practice of law in the State of New York by the First Judicial Department on July 7, 1981. Respondent, who was also admitted to the New Jersey bar in 1981, maintains a registered address in New Jersey. As the admitting Judicial Department, this Court retains continuing jurisdiction over him (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
In July 2019, the New Jersey Office of Attorney Ethics (OAE) conducted a random escrow compliance audit at respondent's law firm. Respondent, as the managing partner, was responsible for his firm's record-keeping compliance. Several deficiencies, including some that had previously been uncovered by a 2010 OAD audit, were discovered, including: (1) failure to maintain fully-descriptive client ledger cards; (2) client ledger cards that held debit balances; (3) failure to disburse inactive trust ledger balances for an extended period of time; (4) failure to conduct proper three-way reconciliations of attorney trust accounts (ATAs); (5) improper designation of respondent's attorney business account (ABA); (6) improper designation of his ATA; (7) holding attorney trust funds in his ATA in excess of the amount necessary for bank charges; (8) trust funds on deposit that were in excess of the total trust obligations; (9) outstanding ATA checks; and (10) failing to maintain imaged copies of ABA checks. The audit also determined that respondent's ATA had not been reconciled since May 31, 2019.
Following a review of the audit and the parties' motion for discipline by consent, the New Jersey Disciplinary Review Board (DRB) found that the stipulated facts supported a finding, by clear and convincing evidence, that respondent committed all of the charged misconduct. The DRB's finding was supported by respondent's admissions that: (i) he committed multiple record-keeping deficiencies as revealed in the audit; (ii) between January 2016 and April 2019, his ATA had a total shortage of $124,211.53, and even though he corrected the shortages, he admitted that he failed to properly monitor his ATA balance to ensure the checks issued by the other signatories to the account were drawn on available funds for that specific client and as a result, there was an invasion of client funds in respondent's ATA totaling more than $95,000; (iii) between 2010 and 2018, respondent's ATA held inactive balances, from 20 client matters, totaling $150,963.40, which dated back as far as the 1990s; and (iv) respondent's ATA had 10 outstanding checks totaling $11,143.49.
The DRB determined that respondent's misconduct supported a theory of negligent misappropriation. The DRB found that there was no evidence to suggest that respondent intended to invade client funds or that he utilized client funds for his own purposes. Rather, the record supported a theory of failure to adhere to the record-keeping requirements, which repeatedly resulted in the negligent misappropriation of clients' entrusted funds, in violation of NJ RPC rule 1.15(a) and rule 1.15(d).
In recommending a public censure, the DRB noted that respondent has had no discipline in his 43-year career. Respondent also cooperated fully with the OAE's investigation, admitted his wrongdoing, and entered into a disciplinary stipulation. In aggravation, the DRB noted that respondent was aware of his record-keeping obligations, especially considering the prior audit. In addition, respondent allowed $150,963.40 to linger in his account due to his failure to resolve inactive balances, of which $61,843.34 had been inactive at the time of the 2010 random audit.
By August 13, 2024 order, the Supreme Court of New Jersey (NJ Court) granted the parties' motion for discipline by consent and so-ordered the DRB's recommendation to publicly censure respondent for violating NJ RPC 1.15(a)(negligent misappropriation of client funds) and rule 1.15(d)(failure to comply with the record-keeping requirements of NJ Court Rule 1:21-6).
The Attorney Grievance Committee (AGC) now moves for an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13 (a) and (b), and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in New Jersey, and publicly censuring him, or, in the alternative, imposing such sanction as the Court deems just and proper under the circumstances. With respect to mitigation, the AGC notes that respondent has had no prior discipline, expressed remorse, and took corrective action. Moreover, the AGC concurs with the DRB's determination that respondent's misconduct was the result of poor judgment, not dishonesty.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
Respondent has not appeared and asserted any of the defenses to reciprocal discipline. In any event, none are available to him because: he received notice of the misconduct allegations against him and chose to enter into a stipulation for discipline on consent, admitting the misconduct and consenting to the discipline imposed; respondent's admissions fully support the misconduct findings upon which he was disciplined; and the misconduct also violated New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15(a) and rule 1.15(b)(3), which are essentially equivalent to NJ PRC 1.15(a) and NJ PRC 1.15(d), coupled with R 1:21-6 (Record-keeping) of the NJ Court Rules. Therefore, the imposition of reciprocal discipline is appropriate.
With respect to the sanction, this Court generally defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]).
A public censure, as requested by the AGC, is the appropriate reciprocal discipline in this matter as it is commensurate with the public censure issued by the NJ Court and is in general accord with this Court's precedent involving comparable misconduct (see e.g. Matter of Wait, 237 AD3d 110 [1st Dept 2025]; Matter of Marks, 204 AD3d 129 [1st Dept 2022]; Matter of Novofastovsky, 204 AD3d 15 [1st Dept 2022]; Matter of Dyer, 89 AD3d 182 [1st Dept 2011]).
Accordingly, the AGC's motion for reciprocal discipline should be granted and respondent publicly censured.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13, is granted, and respondent, Paul R. Rajan, is publicly censured.
Entered: January 6, 2026